**UNITED STATES of America, Plaintiff,**

v.

**Ariel Henry TAGER, Defendant.**

**No. 78–20052–01**

United States District Court,
D. Kansas.

June 22, 1979

James P. Buchele, U. S. Atty., Kansas City, Kan., Michael DeFeo, U. S. Dept. of Justice, Kansas City, Mo., for plaintiff.

James R. Wyrsch, Koenigsford, Kusnetsky & Wyrsch, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDERS

THEIS, Chief Judge.

This matter comes before the Court on numerous pretrial motions filed by defendant Tager. Oral argument and a two day evidentiary hearing were held on these motions on the defendant's request. Thereafter the parties submitted additional evidence requested by the Court. Grand jury materials were assembled and presented to this Court for review on several of these motions. Parties have since submitted numerous and lengthy supplemental briefs on their principal contentions. This matter is now ready for resolution.

Defendant's two primary motions request a dismissal of the indictment and suppression of certain documentary evidence claimed to be the product of illegal searches. The former motion challenges numerous aspects of the grand jury procedure utilized herein and alleges a variety of abuses that defendant claims should warrant a dismissal of the indictment. The latter motion challenges the sufficiency of the affidavit supporting the issuance of the warrant, the scope and nature of two alleged searches, and also raises various alleged privileges regarding the materials seized pursuant to the warrant. Defendant's other motions are treated in a separate order.

Defendant charges numerous instances of grand jury abuse by Special Strike Force Attorneys for the Department of Justice. This Court shall primarily deal with defendant's claim that government lawyers impermissibly breached the grand jury's secrecy when they disclosed grand jury materials to an agent of the insurance companies who allegedly are the victims of defendant's conduct. The government contends that disclosure was made in conformity with an order lawfully entered by a judge in this judicial district pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure. Defendant challenges the authority of the court under Rule 6(e) to issue the order obtained by the government.

### 1. THE ISSUE UNDER RULE 6(e) OF THE F.R.Cr.P.

The law in this area is largely untested, certainly unsettled, and unclear in many respects. This Court, however, is inclined to agree with defendant that no authority exists for the grand jury disclosure admitted herein. This Court believes that properly interpreted, Rule 6(e) neither authorizes nor permits a court to order the disclosure here obtained by the government. Another federal judge in this district, however, has impliedly held otherwise. Although that decision is not necessarily binding on this Court, it is the policy of the judges in this district to defer to the judgment of their colleagues who have initially ruled on a given question of law. That deference is even more appropriate where, as here, the law on the point is unsettled. This Court will therefore defer to the earlier ruling on this matter as the law of this judicial district until the Court of Appeals for this Circuit instructs otherwise. This Court does so, however, only with great reservation. A brief summary of the facts is appropriate.

A federal grand jury sitting in Topeka, Kansas, returned on April 27, 1978, a twelve-count indictment against defendant Tager and others, charging one count of conspiracy to obtain money through fraudulent means, and eleven substantive counts of mail fraud, all in violation of 18 U.S.C. §§ 1341, 371. The substance of the indictment alleges a broad scheme by certain individuals—among them several lawyers such as defendant here—to defraud insurance companies through submission of false personal injury claims. All of Tager's codefendants have entered pleas of guilty to some of the counts against them and have been sentenced by this Court.

The parties here agree that the instant investigation developed from the independent efforts of the Insurance Crime Prevention Institute (hereinafter "ICPI"), an insurance investigative unit designed to aid in law enforcement and prosecutorial action against perpetrators of insurance fraud. The ICPI is a non-profit organization funded by approximately 325 insurance companies. Mr. Ed House, a paid employee of ICPI and a retired police detective, initially undertook the investigation of various insurance claims whose veracity was suspect. House examined insurance company files and documents, conducted preliminary interviews, and upon his determination that fraud did or might exist, turned over his findings to the United States Postal Inspection Service. The grand jury investigation followed.

The initial grand jury investigation into this matter began before a Kansas City, Kansas grand jury. When the government learned of information that could jeopardize the integrity of the investigation before that body, the investigation was transferred to a different grand jury sitting in Topeka, Kansas. Without a court order, government lawyers during the investigation gave House access to subpoenaed insurance files to obtain his assistance in preparing the case before the grand jury. House aided the government attorneys in selecting certain files as targets for subpoenas. He frequently accompanied the officer who served the subpoenas to retrieve the documents. House's other participation consisted primarily of assisting the Strike Force attorneys in their review of insurance files, explaining and interpreting specialized documentation used by different insurance companies, and answering government questions regarding insurance practices in general. House testified that he had previously seen each subpoenaed grand jury file during his ICPI investigation. Under ICPI procedure, House additionally had access to copies of any of these files and others from the member insurance companies.

On March 2, 1978, the government attorneys submitted a motion and proposed order to my distinguished fellow jurist, Judge Rogers, in Topeka, Kansas, that authorized disclosure of grand jury testimony and materials to House "as deemed necessary by attorneys for the government to assist in the presentation of matters pertaining to this investigation to the grand jury."[1] Evi-

---

1. The Order reads as follows:

"Upon consideration of the *ex parte* motion of the United States, pursuant to Rule 6(e)(2)(C)(i) of the Federal Rules of Criminal Procedure:

It is hereby Ordered that Investigator Edward Thomas House of the Insurance Crime Prevention Institute may be allowed access to such records subpoenaed before and testimony given to the grand jury for the District of Kansas investigating frauds upon insurance carriers, as is deemed necessary by the attorneys for the Government to assist in the presentation of those matters to the grand jury and at trial.

It is further Ordered that such access be upon the following terms and conditions:

1) Prior to such access, Investigator House shall be furnished a copy of this Order and of Rule 6(e)(i), Federal Rules of Criminal Procedure, relating to the punishment of contempt for unauthorized disclosure.

2) No further disclosure of Grand Jury materials may be made by Investigator House to his superiors or to any person other than to attorneys for the Government and Government personnel, assisting them in the conduct of these investigations.

3) Absent further Order of this Court, no use may be made by Investigator House of any Grand Jury materials for presentation to state authorities, professional licensing boards, or for any purpose other than to assist Government attorneys in the Grand Jury presentation and trial of the instant matters.

dently pursuant to this order, House continued to aid the government attorneys. He assisted in interviewing witnesses subpoenaed before the grand jury. House was also permitted to review testimony of witnesses before the grand jury. Except for one brief occasion when he acted as a courier and delivered documents to the grand jury, House did not himself appear in the grand jury room with the government attorneys. Nevertheless, it is safe to characterize House's association with the ongoing grand jury investigation as substantial and continuous. House apparently played an integral part in the preparation and organization of the appropriate material for presentation to the grand jury. Defendant contends that the disclosure to House, both before and after the order entered March 2, was improper and in violation of Rule 6(e). After extensive research and while denying the relief requested, this Court agrees defendant's position may be soundly based.

Rule 6(e), Federal Rules of Criminal Procedure, sets forth the grand jury secrecy rule as presently employed.[2] Subsection (1) states the general rule that secrecy is required and that a knowing violation thereof may be punished as a contempt of court. Subsection (2) "provides for three, and only three, exceptions" to the secrecy rule. *In re*

*Biaggi*, 478 F.2d 489, 492 (2d Cir. 1973) (Friendly, C. J.). A court may permit a disclosure at a defendant's request upon a showing that grounds may exist to dismiss the indictment. This is manifestly not involved here in the disclosure to House. Subsection (2)(A) permits disclosure of matters occurring before the grand jury to "an attorney for the government" and to "such government personnel as are deemed necessary" to assist that attorney in the performance of his or her duty to enforce federal criminal law. The last exception, subsection (2)(C)(i), permits disclosure upon order of the Court "preliminarily to or in connection with a judicial proceeding." The government has here sought to justify its disclosure to House solely under this last provision, subsection (2)(C)(i).

The crucial issue in this matter concerns the breadth of disclosure permitted under subsection (2)(C). This Court must decide whether the government may augment the disclosure authorized under subsection (2)(A) by utilizing the exception found in (2)(C) to obtain disclosure to persons assisting in the grand jury presentation who do not come within the former subsection. Only one other district court has expressly commented on this narrow issue, and only one Court of Appeals has approached this issue. The case law is hardly conclusive.

---

4) This Order and the Government's Motion and Suggestions shall be sealed by the Clerk until further Order of this Court."

**2.** Rule 6(e) provides in pertinent part:

"1) General Rule.—A grand juror . . . an attorney for the Government, or any person to whom disclosure is made under paragraph (2)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of rule 6 may be punished as a contempt of court.

2) Exceptions—
(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—
(i) an attorney for the government for use in the performance of such attorney's duty; and
(ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the

government in the performance of such attorney's duty to enforce Federal criminal law.
(B) Any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in their performance of such attorney's duty to enforce Federal criminal law. An attorney for the government shall promptly provide the district court, before which was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made.
(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—
(i) when so directed by a court preliminarily to or in connection with a judicial proceeding; or
(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."

The government here sought the expert interpretative aid of a non-attorney to assist in the presentation of material before the grand jury. This was precisely the situation wherein disclosure was contemplated under subsection (2)(A). The necessity for this disclosure caused Congress to amend Rule 6(e) in 1977 expressly to provide for this very type of disclosure within that subsection of the rule. Yet, as the government here apparently concedes, Congress did not see fit to provide for disclosure within that subsection to persons like House—*non-government* personnel whose expertise the government attorneys desired for assistance before the grand jury.

Both the committee that drafted the new subsection (2)(A) and the Congress that enacted it considered and rejected the use of non-government personnel as expert assistants to a government attorney participating in the grand jury investigation. The Court must conclude that both bodies decided that this assistance was either unnecessary or undesirable and should not be permitted within the scope of the rule. The Court must conclude that both bodies intended to exclude such people from "assisting an attorney for the government in the performance of such attorney's duty."

Utilization of (2)(C) under the instant circumstances would permit on court order disclosure to persons not within the ambit of (2)(A) to enable them to assist a government attorney participating in an ongoing grand jury investigation. This would circumvent the parameters of subsection (2)(A). This Court finds that in enacting (2)(A) Congress rejected this proposition by implication. This Court further finds that this interpretation of (2)(C) is both unsupported by, and inconsistent with, its traditional usage that has been continued under the new Rule 6(e). A brief examination of the legislative history and the judicial precedent surrounding Rule 6(e) supports this view.

■ Rule 6(e) was originally adopted in 1946 and was essentially a codification of existing practice in federal courts. See Rule 6(e), Federal Rules of Criminal Procedure, 5 F.R.D. 573, 583 (1946); Note, *Administrative Agency Access to Grand Jury Materials*, 75 Colum.L.Rev. 162, 164–65 (1975). The original rule read in pertinent part as follows:

"(e) Secrecy of Proceedings and Disclosures. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule."

The Advisory Committee notes to the original rule explained that:

"[g]overnment attorneys are entitled to disclosure of grand jury proceedings, other than deliberations and the votes of the jurors, inasmuch as they may be present in the grand jury room during the presentation of evidence."

Otherwise, the rule "continue[d] the traditional practice of secrecy on the part of members of the grand jury, except when the court permits a disclosure." *Notes to Rules of Criminal Procedure*, 4 F.R.D. 405, 409 (1945).

The exceptions to the "traditional practice of secrecy" contemplated by the advisors that permitted disclosure on court order are not difficult to ascertain. The three general areas of exceptions to the grand jury secrecy rule extant today were present in the original rule—disclosure to attorneys for the government in the performance of their duty, disclosure "in connection with" a judicial proceeding, and disclosure to a defendant to support a motion to dismiss the indictment. Cases deciding questions of grand jury disclosure prior to the adoption

of the rules focused primarily on the maintenance of secrecy during deliberations and later disclosure in connection with either related litigation or a trial of an indicted party. Cf. *In re Report and Recommendation of June 5, 1972 Grand Jury*, 370 F.Supp. 1219, 1228 (D.D.C.1974) (Sirica, J.) ("Advisory Committee had in mind only cases where the disclosure question arose at or prior to trial").

Case law cited by the Advisory Committee to illustrate the "traditional practice of secrecy" codified in the rule primarily dealt with disclosures to a defendant to support a motion to dismiss the indictment. These cases, and the authority upon which they rely, generally discuss the circumstances under which disclosures for that purpose may be made. See *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Schmidt v. United States*, 115 F.2d 394 (6th Cir. 1940); *Cox v. Vaught*, 52 F.2d 562 (10th Cir. 1931); *Murdick v. United States*, 15 F.2d 965 (8th Cir. 1926); *Grace v. United States*, 4 F.2d 658 (5th Cir. 1925); *Atwell v. United States*, 162 F. 97 (4th Cir. 1908); *Chadwick v. United States*, 141 F. 225 (6th Cir. 1905); *United States v. American Medical Ass'n.*, 26 F.Supp. 429 (D.D.C. 1939). These cases provide insight only into the scope of the third secrecy exception. None stand as authority for acknowledging a greater or lesser restriction upon those individuals to whom disclosures might be made in order to aid the government attorneys in their grand jury work.

Few early cases can be found that face disclosure questions in circumstances that illustrate the other two secrecy exceptions—the "government attorneys" provision, and the "judicial proceeding" exception. As will be developed below, the "government attorneys" exception was restrictively understood in older grand jury practice. Only more recently did courts begin to broaden its parameters to embrace assisting personnel.

The only early case with possible bearing on the "judicial proceeding" exception is *In re Grand Jury Proceedings*, 4 F.Supp. 283 (E.D.Pa.1933). There a district court permitted disclosure for use in a different civil lawsuit after the grand jury had terminated its investigation. Unrestricted by language of any rules regarding grand jury secrecy, the district court expansively announced a broad power of discretion in the trial court to authorize disclosure. The court found that disclosure would be permitted whenever in its discretion it determined that the interest of justice so required. None of the early cases, however, deal with the permissible scope of disclosures during a pending grand jury investigation to enable government attorneys to gain assistance in the performance of their duty.

The holding herein is ultimately dependent upon the judicial construction given the "judicial proceeding" grand jury secrecy exception—the scope of disclosure that a court may direct "preliminarily to or in connection with a judicial proceeding." The language of this exception has been carried forward *verbatim* from the original Rule 6(e) to its most recent amendment. Because the issue before the Court is the applicability of this exception to personnel assisting the government attorneys, an analysis of the "government attorney" exception is appropriate. This latter exception has recently been amended by Congress to make express provision for disclosures to "assisting personnel." The legislative background to the Congressional modification of this exception, the present 2(A) provision, illuminates the intended breadth of the companion subsection relevant here.

The original Rule 6(e) permitted disclosure without court order only to "attorneys for the government" for use in performance of their duties. The phrase "attorneys for the government" was narrowly defined in Rule 54(c), Federal Rules of Criminal Procedure, and included only the Attorney General, an Assistant Attorney General, a United States Attorney, or an Assistant United States Attorney. Rule 54(c), Federal Rules of Criminal Procedure, 5 F.R.D. 573, 583 (1946). The rule therefore sanctioned disclosure only to those whose presence before the grand jury during the presentation of evidence was permitted. See Advisory

Committee Notes, Federal Rules of Criminal Procedure, 4 F.R.D. 405, 409 (1945). Thus, the rule referred only to attorneys for the federal government and not to state or municipal attorneys. *Special February 1971 Grand Jury v. Conlisk*, 490 F.2d 894, 896 (7th Cir. 1973); *In re Holovachka*, 317 F.2d 834, 836 (7th Cir. 1963); *Corona Constr. Co. v. Ampress Brick Co., Inc.*, 376 F.Supp. 598, 601 (N.D.Ill.1974); *United States v. Downey*, 195 F.Supp. 581, 584 (S.D.Ill.1961). Attorneys for federal administrative agencies were similarly not included among those who might assist the United States Attorney in preparing grand jury materials. *In re Grand Jury Proceedings*, 309 F.2d 440, 443 (3rd Cir. 1962); *In re Grand Jury Investigation*, 414 F.Supp. 74 (S.D.N.Y.1976). Attorneys for corporations owned by the United States were also excluded from this service. *United States v. General Electric Co.*, 209 F.Supp. 197, 202 (E.D.Pa.1962) (T.V.A.).

This strict definition created problems, however, with regard to non-attorneys whose assistance was absolutely necessary for the preparation of complicated cases before the grand jury. These assistants often could not perform their work without having access to grand jury materials or minutes. In difficult cases the government attorneys could not adequately perform their function without such assistance, either in evaluation of evidence or in investigation. See Advisory Committee Notes, Report of the Committee on Rules of Practice and Procedure to the Judicial Conference of the United States, *Rules of Procedure, Communication from the Chief Justice of the United States*, H.R.Doc. No. 464, 94th Cong. 2d Sess. 9 (1976) [hereinafter *Rules of Procedure, Communication from the Chief Justice*].

In response to this problem, the United States Judicial Conference Advisory Committee on Criminal Rules prepared an amendment to Rule 6(e) in late 1972 that modified the definition of "attorneys for the government." This amendment was approved for distribution to the bench and bar in early 1973 by the Standing Committee on Rules of Practice and Procedure. After collecting responses and suggestions for six months, the Advisory Committee made revisions in its initial draft, and the proposed rule was approved by the Judicial Conference in September, 1975 for transmittal to the Supreme Court. Proposed Amendments to the Federal Rules of Criminal Procedure, *Hearings on H.R. 5864 before the Subcomm. on Criminal Justice of the House Comm. on the Judiciary*, 95th Cong. 1st Sess. 84 (1977) [hereinafter *Hearings on Proposed Amendments*] (statement of Professor Wayne LaFave, Reporter, Advisory Committee on Criminal Rules).

The new rule was submitted to Congress on April 26, 1976, but Congress acted to postpone the effective date of some of the changes until August 1, 1977, or until Congress approved the new rule, so that Congress might have additional time to review the proposal. Amendments to the Federal Rules of Criminal Procedure, H.R.Rep.No. 95–195, 95th Cong. 1st Sess. 2 (1977) [hereinafter *H.R.Rep.No.95–195*]; 123 Cong.Rec. H7866 (daily ed. July 27, 1977) (remarks of Rep. Mann); Act of July 8, 1976, Pub.L.No. 94–349, 90 Stat. 822. As ultimately enacted, H.R. 5864 made the effective date of these amendments October 1, 1977. Federal Rules of Criminal Procedure, Pub.L.No. 95–78, § 4, 91 Stat. 319, 322 (1977).

The relevant portion of the proposed Rule 6(e) added to the definition of "attorneys for the government" "such other government personnel as are necessary to assist" the attorneys in the performance of their duties.[3] The proposed amendment re-

---

3. The Supreme Court proposed that Rule 6(e) be amended to read in pertinent part as follows:

"(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. For purposes of this subdivision, 'attorneys for the government' includes those enumerated in rule 54(c); it also includes such other government personnel as are necessary to assist the attorneys for the government in the performance

flected the fact that government personnel often assisted the Justice Department in grand jury proceedings. The Advisory Committee that drafted the proposed rule stated that the amendment conformed to the majority trend in case law, which less restrictively construed the old rule and permitted the assistance of government agents in the grand jury investigation. The Committee noted that:

"[a]lthough case law is limited, the trend seems to be in the direction of allowing disclosure to government personnel who assist attorneys for the government in situations where their expertise is required."

*Rules of Procedure, Communication from the Chief Justice, supra,* at 9.

The House Committee that considered the amendment questioned whether the limited case law on this point was clear. The Committee further found lacking any consistent practice within the Justice Department concerning what grand jury matters might be disclosed, to whom and under what circumstances that disclosure might be made. H.R.Rep.No.95–195, supra, at 4. Indeed, the Committee felt that the proposed amendment would fail to clarify the existing situation and might even lead to further unclarity in the practice. *Id.,* at 5 n.9.

The House Committee disapproved the amendment proposed by the Supreme Court because of the rule's failure to spell out clearly all the details of the grand jury disclosure permissible within its terms. The Committee also expressed its frustration

with the overall unclarity surrounding the prevailing practice under the original Rule 6(e). The Committee recommended that the rule be entirely rewritten. H.R.Rep.No. 95–195, supra, at 9.

An alternative proposal submitted by some members of the Committee would have provided access without court order under the first sentence of the rule only to criminal investigative personnel.[4] This proposal would have permitted the grand jury to seek further assistance from "purely civil investigative or administrative personnel" pursuant to court order under the second sentence of the rule. H.R.Rep.No.95–195, supra, at 15 (additional views of Rep. Wiggins). No reference was made to any provision either in the old rule or in the alternative proposal that would embrace disclosure upon court order to non-government personnel assisting the grand jury. This alternative proposal was not approved by the Senate.

The House Committee could not agree on appropriate language for the new rule. 123 Cong.Rec. H3224 (daily ed. April 19, 1977) (remarks of Rep. Wiggins). The Committee later deferred to an amendment drafted by the Senate Subcommittee on Criminal Laws and Procedures working in liaison with the House Subcommittee on Criminal Justice. Both houses in Congress ultimately enacted this latter draft, the current Rule 6(e), into law. 123 Cong.Rec. H3223, –24 (daily ed. April 19, 1977) (remarks of Reps. Mann and Wiggins); 123 Cong.Rec. H7866 (daily ed. July 27, 1977) (remarks of Rep. Mann).

---

of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule."
*Rules of Procedure, Communication from the Chief Justice, supra,* at 7.

4. The proposal of Rep. Wiggins read as follows:
"Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties, and to such other government personnel as are necessary to assist attorneys for the government in the performance of such duties. For the purposes of this subdivision, 'other government personnel' means employees of the Department of Justice, or employees of other governmental agencies, who, by law, investigate violations of the Federal criminal law." See H.R.Rep.No.95–195, supra, at 15 (additional views of Rep. Wiggins).

The Senate modification to H.R. 5864 continued without change the two additional exceptions to grand jury secrecy that were embodied in the old Rule 6(e), including disclosure upon court direction "preliminarily to or in connection with a judicial proceeding." As stated by Representative Mann:

"[T]here is no intention to change the current practice with regard to those parts of rule 6(e) not directly involved in the Supreme Court's proposed amendment. Thus, [H.R. 5864, as modified] is not intended to change any current practice with regard to these two exceptions. . . ."

123 Cong.Rec. H7867 (daily ed. July 27, 1977). See also *Hearings on Proposed Amendments*, supra, at 55, 84, 106 (statements of Prof. LaFave, Reporter, Advisory Committee on Criminal Rules, and Richard Thornburgh, Deputy Attorney General). Cf. Federal Rules of Criminal Procedure, S.Rep.No. 95–354, 95th Cong. 1st Sess. 8, *reprinted in* [1977] U.S.Code Cong. & Ad. News, pp. 527, 532 [hereinafter S.Rep.No. 95–354] ("Committee believes and intends that the basis for a court's refusal to issue an order under paragraph (C) to enable the government to disclose grand jury information in a non-criminal proceeding should be no more restrictive than is the case today under prevailing court decisions").

■ The government here has understandably refrained from contending that House might be characterized as "government personnel" within the ambit of subsection 2(A) and that disclosure to him might therefore be made without court order whenever government attorneys deemed his assistance necessary. Discussion in the legislative history clearly indicates that "government personnel" embraces only federal agency employees. It is repeatedly referred to as including "Government agency personnel," or "representatives of government agencies actively assisting United States Attorneys in a grand jury investigation." H.R.Rep.No.95–195, supra, at 4; S.Rep.No.95–354, supra, at 6–7, U.S.Code Cong. & Admin.News 1977, p. 530. In his explanation to the House Sub-

committee on Criminal Justice, Professor LaFave stated that the amendment:

"is intended to make it clear that Rule 6(e) does not forbid United States attorneys to make use of other government personnel, *such as employees of administrative agencies and government departments*, when such outside expertise is necessary." (Emphasis added.)

*Hearings on Proposed Amendments*, supra, at 105. Every example cited in the deliberations on the amended rule embraced solely officials of United States governmental agencies, such as the F.B.I., I.R.S., S.E.C., the Postal Inspection Service, the Departments of Labor and the Treasury, or the Secret Service. H.R.Rep.No.95–195, supra, at 4; Federal Grand Jury, *Hearings on H.J. Res. 46, H.R.1277 and related bills before the Subcomm. on Immigration, Citizenship & International Law of the House Comm. on the Judiciary*, 94th Cong. 2d Sess. 56 (1976) [hereinafter Federal Grand Jury, *Hearings on Related Bills*] (statement of Edward Levi, Attorney General of the United States); *Hearings on Proposed Amendments*, supra, at 29, 105, 204, 229 (statements of Judge Becker, U.S. District Court for Eastern District of Pennsylvania; Prof. Wayne LaFave, Reporter, Advisory Committee on Criminal Rules, Professors Leon Friedman and Melvin Lewis); see also *Robert Hawthorne, Inc. v. Dir. of Internal Revenue*, 406 F.Supp. 1098, 1126 (E.D.Pa. 1976) (E. Becker, J.).

As noted above, the wording of the amended section now found in 2(A) was originally proposed by the Supreme Court to conform to the recent trend in case law. This trend did not include agents from without the federal government. See, e. g., *Special February 1971 Grand Jury v. Conlisk*, 490 F.2d 894, 896 (7th Cir. 1973). In his explanation of the breadth of "government personnel," Representative Wiggins of the House Subcommittee on Criminal Justice cited cases that typified this trend. All dealt with federal agency assistance to the United States Attorney. 123 Cong.Rec. H7868 (daily ed. July 27, 1977), citing *United States v. Evans*, 526 F.2d 701, 707 (5th

Cir. 1976); *United States v. Hoffa,* 349 F.2d 20, 43 (6th Cir. 1965), *aff'd,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); *United States v. U. S. District Court,* 238 F.2d 713, 721 (4th Cir. 1956) (disclosure to superiors in the Department of Justice); *United States v. Anzelmo,* 319 F.Supp. 1106, 1116 (E.D.La. 1970); *United States v. Culver,* 224 F.Supp. 419, 432 (D.Md.1963).

Even critics of the amendment, who disapproved the expanded parameters of permissible disclosure, recognized that potential disclosures contemplated by the new language reached only governmental employees—from members of Congress to employees of O.E.O. or the military services. *Hearings on Proposed Amendments,* supra, at 147, 229 (statements of Bernard Nussbaum, Esq. and Prof. Melvin Lewis). Only one critic of the amendments to the rule voiced her concern that it was unclear whether the rule, as proposed by the Supreme Court, would "open the door to permitting private contractors to be retained by the Government attorney for purposes of analyzing the [grand jury] evidence or data." *Hearings on Proposed Amendments,* supra, at 181 (statement of Phyllis Bamberger, New York Legal Aid Society).

The proposed use of Rule 6(e) to authorize disclosures like that challenged in the instant case was not overlooked by the Advisory Committee or the House Committee responsible for the new rule. The possibility of permitting non-government personnel to assist the government attorney in work before the grand jury was expressly investigated and considered by the Advisory Committee that drafted that (2)(A) language ultimately adopted by the Senate. The amended (2)(A) language was specifically designed not to embrace that possibility. Professor LaFave, Reporter for the Advisory Committee, explained his understanding to the House Subcommittee on Criminal Justice during questioning by Representative Mann:

"Mr. Mann: Along that same line, the rule seems to restrict to other Government personnel the experts—and I will use that term loosely—that the attorney for the Government may call upon.

We have a pretty big Government with a lot of experts but *on certain matters there may not be a governmental employee who is expert in that field. Is it your intention not to permit the prosecutor to call in an astrologer or astronomer, for example?*

Prof. LaFave: *Yes, that is correct.*

Apparently representatives of the Justice Department whom we talked to about this particular problem did not seem to think that was a problem, in other words, that there was an occasion when they would need an expert and couldn't find the astrologer some place in the Federal Government.

Apparently that is not the problem."

*Hearings on Proposed Amendments,* supra, at 92. (Emphasis added.)

Had the Advisory Committee or the Committee on Rules and Practice intended to authorize disclosure to persons such as House, they could have easily deleted the word "Government" from "Government personnel." Additionally, Congress gave the proposed amendments considerable attention because of its "great concern" with the alteration of a rule that "touch[ed] upon the basic function of the grand jury system." 123 Cong.Rec. H3223 (daily ed. April 19, 1977); 123 Cong.Rec. H7868 (daily ed. July 27, 1977) (remarks of Rep. Mann). Apprised of the contemplated breadth of 2(A), Congress could have altered it with little effort. This Court must conclude that Congress intended that the scope of the 2(A) secrecy exception go no further than to federal personnel who assist in the preparation of the grand jury investigation. Non-governmental personnel may not be given access to grand jury material under this subsection, regardless how essential the government attorneys might consider that assistance to be.

The only other possible basis for the disclosure to House in the instant case is that found in subsection (2)(C)—disclosure by court order "preliminarily to or in connection with a judicial proceeding." The government impliedly argues that the pro-

ceedings of the grand jury whose materials are sought for disclosure constitute a "judicial proceeding" within the ambit of the rule. Thus, without regard to the limits of subsection (2)(A), this Court might authorize disclosures to investigative agents assisting the government attorneys because that authorization would be in connection with a "judicial proceeding." At issue in this case is whether any limitation inheres in (2)(C) on the disclosures that might be ordered thereunder.

The construction of (2)(C) advanced here by Special Strike Force attorneys represents a novel use of the "judicial proceeding" exception to grand jury secrecy. The new subsection (2)(C), originally the second sentence of the old Rule 6(e), has typically been used only in cases where disclosure is ordered in connection with a judicial proceeding *other* than the grand jury proceedings wherein disclosure is sought. This would appear self-evident from the face of the rule itself.

■ If the government's argument is correct, the (2)(C)(i) provision for disclosures in connection with "judicial proceedings" subsumes within it both other exceptions to the secrecy rule. Subsection (2)(A) deals with disclosures to assisting personnel in connection with the grand jury proceeding wherein disclosure is sought. Subsection (2)(C)(ii) deals with an indicted defendant's access to materials from that same grand jury. Reading these subsections *in pari materia*, this Court is inclined to find that the (2)(C)(i) reference to "judicial proceedings" embraces judicial proceedings other than the grand jury proceeding whose materials are sought for disclosure. With analogous reasoning, courts have excluded from the "judicial proceedings" contemplated by the rule any proceeding instituted solely to obtain the disclosures sought. See *In re Biaggi*, 478 F.2d 489 (2d Cir. 1973); *Hiss v. Department of Justice*, 441 F.Supp. 69 (S.D.N.Y.1977).

Others have similarly concluded. One critic of the Supreme Court's proposed draft of Rule 6(e) cautioned against its adoption and noted in passing:

"There are two sentences in [the old] rule 6(e). There is the first sentence and then the second one that says in connection with a judicial proceeding, which, of course, by its terms can't be the grand jury itself. That is fairly clear."

*Hearings on Proposed Amendments,* supra, at 159 (statement of Bernard Nussbaum). Mr. Nussbaum then continued his argument against the proposed (2)(A) language, referring to the (2)(A) provision as the exception for disclosures "in connection with the grand jury itself." Id. As if to state the obvious, Professor Charles Alan Wright entitles his treatise's section on this provision "Disclosure for Use in Other Proceedings." 1 Wright, *Federal Practice and Procedure,* § 109 at 188 (1969). Cf. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979) ("Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding").

There is, however, authority to the contrary. Although not cited by the government here, a line of cases deals with disclosure of grand jury witnesses' testimony to that witness. Many of these cases consider disclosure either expressly or implicitly in a context where the grand jury proceeding itself is the only "judicial proceeding" in connection with the contested disclosure might arguably be sought. See *In re Braniff Airways, Inc.,* 390 F.Supp. 344 (W.D.Tex. 1975); *In re Grand Jury Witness Subpoenas,* 370 F.Supp. 1282 (S.D.Fla.1974). In the seminal opinion announcing this rule, however, Chief Judge Pettine qualified his order by making disclosure permissible only *after* the conclusion of the grand jury proceedings wherein disclosure was sought. *In re Minkoff,* 349 F.Supp. 154 (D.R.I.1972).

This Court's concern is not whether these cases correctly conclude that a grand jury proceeding is a "judicial proceeding" within the meaning of the rule. Courts have so held in connection with grand jury proceedings other than the one wherein disclosure is sought. *In re Grand Jury Investigation of Banana Industry,* 214 F.Supp. 856 (D.Md.

1963). This comports with the generally broad interpretation given the "judicial proceeding" language now found in (2)(C). See, e. g. *Haldeman v. Sirica*, 501 F.2d 714 (D.C. Cir. 1974) (disclosure of grand jury material to House Committee considering impeachment); *In re Special February 1977 Grand Jury v. Conlisk*, 490 F.2d 894 (7th Cir. 1973) (disclosure in connection with police disciplinary investigation); *Gibson v. United States*, 403 F.2d 166 (D.C. Cir. 1968) (state criminal proceedings); *United States v. Shillitani*, 345 F.2d 290, 293 (2d Cir. 1965), *vacated on other grounds*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) (parole hearing); *Doe v. Rosenberry*, 255 F.2d 118, 120 (2d Cir. 1958) (disbarment proceedings); *United States v. Salanitro*, 437 F.Supp. 240 (D.Neb.1977) (state disbarment proceedings and state judge impeachment proceedings); *In re Grand Jury Investigation of Ven-Fuel*, 441 F.Supp. 1299 (M.D.Fla.1977) (House Committee investigating need for legislation); *In re Report and Recommendation of June 5, 1972 Grand Jury*, 370 F.Supp. 1219 (D.D.C.1974) (investigation into Presidential impeachment by House Committee); *In re Grand Jury Investigation*, 414 F.Supp. 74 (S.D.N.Y.1976) (civil litigation); *In re Cement-Concrete Block, Chicago Area Grand Jury*, 381 F.Supp. 1108 (N.D.Ill.1974) (civil litigation); *In re Grand Jury Transcripts*, 309 F.Supp. 1050 (S.D.Ohio 1970) (police disciplinary proceedings); *In re Bullock*, 103 F.Supp. 639 (D.D.C.1952) (police disciplinary proceedings); Note, *Administrative Agency Access to Grand Jury Materials*, 75 Colum. L.Rev. 162, 170 (1975).

Rather, this Court is concerned with the narrow issue whether the specific grand jury investigation in which disclosure is sought constitutes a "judicial proceeding" within the terms of the rule. This would permit (2)(C) to accomplish what (2)(A) cannot, and authorize disclosure of the type for which (2)(A) was intended but was not drafted to embrace. If *In re Braniff Airways, Inc.*, supra, and *In re Grand Jury Witness Subpoenas*, supra, might be understood to support this proposition, they must be seriously questioned.

Indeed, Chief Judge Pettine had a recent opportunity to review exactly this issue when the government there sought a similar order to permit a state investigative officer to assist the government attorney. Judge Pettine found that the government had failed to show the specific and compelling need necessary to justify a (2)(C) order. He then distinguished his opinion in *In re Minkoff*, supra, and concluded:

"However, Rule 6(e)(2)(C) is not designed nor has it been used in the past as a source of authority for a court to order disclosure to assist with the present grand jury proceedings. Typically, the court authorizes disclosure relevant to federal civil proceedings, not in the grand jury proceeding itself."

*In re Grand Jury Proceedings*, 445 F.Supp. 349, 350 (D.R.I.), *appeal dismissed*, 580 F.2d 13 (1st Cir. 1978). Additionally, Judge Pettine found that disclosure to a state agent involved in the investigation of the case would potentially undermine several of the objectives of grand jury secrecy, including the preservation of the grand jury's independence. The Court refused to grant the requested disclosure.

Another district judge has similarly concluded by implication in a recent decision. Chief Judge Daugherty found no authority in the rule to order disclosure of a witness' testimony during the pendency of an ongoing grand jury probe and prior to the return of an indictment against the person seeking the disclosure. *In re Grand Jury 1974*, 377 F.Supp. 1282 (W.D.Okl.1974). Had the predecessor of (2)(C) provided for disclosure "in connection with" the grand jury proceedings whose disclosure was sought, as the government here contends, authority would have existed in the rule for the disclosure sought before Judge Daugherty. The Court would necessarily have justified its refusal on other grounds.

Three general reasons exist for this Court's difficulties in accepting the government's proposed construction of (2)(C)—inconsistency with traditional practice under this provision, the Congressional treatment of (2)(A) in its most recent amendment, and

the problems of internal inconsistency within the new Rule 6(e) if the breadth of (2)(C) is so expansively construed. The traditional practice under this provision of Rule 6(e) is clear. Chief Judge Pettine's analysis of (2)(C) comports with the prior use of this secrecy exception, dating back to the enactment of the provision in 1946. In *Douglas Oil Co. v. Petrol Stops Northwest*, supra, 441 U.S. 211, 99 S.Ct. at 1673, the Supreme Court recently stated:

"[C]ourts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury. At the same time, it has been recognized that in some situations justice may demand that discrete portions of transcripts be made available for use in *subsequent* proceedings [citation omitted]. Indeed, recognition of the occasional need for litigants to have access to grand jury transcripts led to the provision in Fed.Rule Crim.Proc. 6(e)(2)(C)(i) that disclosure of grand jury transcripts may be made 'when so directed by a court preliminarily to or in connection with a judicial proceeding.'" (Emphasis added.)

Courts have traditionally employed the 2(C)(i) provision, originally the second sentence of the old Rule 6(e), to authorize disclosure in other litigation *after* the grand jury has been discharged. See *In re Bonanno*, 344 F.2d 830, 834 (2d Cir. 1965) (refusal to disclose grand jury witness testimony to defendant in related contempt trial during pendency of grand jury investigation); *In re Grand Jury Investigation*, 414 F.Supp. 74 (S.D.N.Y.1976); *Capitol Indemnity Corp. v. First Minnesota Constr. Co.*, 405 F.Supp. 929 (D.Mass.1975) (access denied until grand jury investigation concluded); *In re Cement-Concrete Block, Chicago Area Grand Jury Proceedings*, supra; *In re Grand Jury 1974*, supra; *United States v. Scott Paper Co.*, 254 F.Supp. 759 (W.D.Mich.1966); *United States v. Badger Paper Mills, Inc.*, 243 F.Supp. 443 (E.D.Wis.1965). The first sentence of the old Rule 6(e) controlled disclosures to government attorneys for use in the performance of their duties. Courts found their sole authority within that provision to permit disclosures to other personnel assisting the attorneys. See *In re Special*

*March 1974 Grand Jury*, 541 F.2d 166 (7th Cir. 1976); *Coson v. United States*, 533 F.2d 1119 (9th Cir. 1976); *United States v. Evans*, 526 F.2d 701 (5th Cir. 1976); *United States v. Universal Mfg. Co.*, 525 F.2d 808 (8th Cir. 1975).

In perhaps the two most comprehensive opinions to deal with grand jury disclosure, Judge Edward Becker set forth principles governing the circumstances and conditions under which disclosure to assisting personnel was proper under the old rule. See *Robert Hawthorne, Inc. v. Dir. of Internal Revenue*, 406 F.Supp. 1098 (E.D.Pa.1976); *In re Grand Jury Investigation, William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464 (E.D. Pa.1971). Judge Becker couched these conditions solely within the terms of the first sentence of the old Rule 6(e)—the "government attorneys" exception. Disclosures to "assisting personnel" were justified in complicated cases solely on the basis of the authority provided for government attorneys to be present before the grand jury during the presentation of evidence. Although the "judicial proceeding" exception then existed in the second sentence of 6(e), the court made no attempt to find in that provision its authority to grant the requested disclosure.

Perhaps the most compelling indication that (2)(C) was not intended for the disclosure obtained here is that found in the Congressional and early judicial treatment of the amendment to (2)(A). The "considerable difficulty" that the House Committee encountered with the language of the new rule suggests that serious consideration was given the present (2)(A) subsection, regarding both the character of those who might gain disclosure of grand jury materials, the conditions under which that disclosure might be made, and whether a court order should be necessary therefor. See 123 Cong.Rec. H3223 (daily ed. April 19, 1977) (remarks of Rep. Mann). Congress closely examined the problem because access to grand jury materials gained from agency personnel assisting the government attorneys would render grand juries vulnerable to potential abuse. Agencies with indirect

access to subpoena power far beyond that given them by Congress might exploit their access to grand jury materials for purposes unrelated to the proper criminal investigative role of the grand jury. See, *e. g.*, H.R.Rep.No.95–195, supra, at 4; *Hearings on Proposed Amendments*, supra, at 19, 42, 86, 111, 152, 204 (statements of Terry Segal, David Epstein, Bernard Nussbaum, and Professor Leon Friedman).

The Congressional hearings thus focused on what conditions or safeguards ought properly to be created for disclosures to assisting personnel. Indeed, courts permitting disclosure to assisting personnel under the old rule themselves dealt with this same concern over possible agency misuse of information received from a grand jury investigation. See, *e. g., In re Grand Jury Investigation, William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464 (E.D.Pa.1971). The government here contends that the instant disclosure to a non-government assistant was possible under the old rule upon court order, prior to the adoption of the amended (2)(A) and without regard to that subsection's intended breadth. It is difficult to imagine that Congress and the judiciary would labor this intensely over the proposed amendment's details if the old rule already provided for broader disclosure on court order with whatever conditions the court chose in the exercise of its discretion to impose. A review of both Congressional and judicial concern with the (2)(A) language is illuminating.

The original Supreme Court proposal before the House Subcommittee on Criminal Justice did not include any conditions on the disclosure of information to "assisting personnel," as noted above.[5] Professor LaFave, the Advisory Committee Reporter, assured Congress that the amended rule only contemplated use of this information by agency personnel as would be necessary for the government attorneys' work. Professor LaFave stated that the rule did not contemplate further disclosure for use by the administrative agency for its own purposes. Further protection against that possibility

was written into the second sentence of Rule 6(e). Agency access to the material could only be gained through a court order "in connection with a judicial proceeding." Because an administrative proceeding was not a judicial proceeding, the rule as proposed would foreclose that possibility. *Hearings on Proposed Amendments*, supra, at 85–86 (statement of Wayne LaFave); see also, Federal Grand Jury, *Hearings on Related Bills*, supra, at 56 (statement of Edward Levi, Attorney General). Others were less certain that the rule was so clearly restricted. See, *e. g., Hearings on Proposed Amendments*, supra, at 204, 229 (statements of Professor Friedman and Lewis).

Also concerned with the proper restrictions on disclosures to "assisting personnel" under (2)(A), federal courts imposed judicial limitations on that provision during the pendency of the proposed rule before Congress. The Ninth Circuit decided *J. R. Simplot Co. v. United States*, No. 76–1893 (9th Cir. Nov. 12, 1976) (vacated and withdrawn, June 28, 1977), and held that agency access should not be permitted unless the government demonstrated a compelling need and explained the reasons why Justice Department personnel could not be used. *Id.*, slip op., at 8. The Court in *Robert Hawthorne, Inc. v. Director of Internal Revenue*, supra, held that under some circumstances, a prior order might be necessary even before disclosure to certain assisting personnel would be proper. Additionally, the court prohibited disclosures by the assisting personnel, required that the assistants work under the aegis of the United States Attorney in charge, and further required notification to the court of the identity of the assisting personnel.

The Advisory Committee took exception to the imposition of a "need" requirement for disclosures under this provision and felt that the court in *J. R. Simplot Co.*, supra, misread the rule. *Hearings on Proposed Amendments*, supra, at 94 (statement of Professor LaFave). Congress apparently

---

**5.** See note 3, supra.

agreed. See S.Rep.No.95–354, supra, at 7, [1977] U.S.Code Cong. & Ad.News at 530; Note, *United States Courts of Appeals: 1976–1977 Term, Criminal Law and Procedure*, 66 Georgetown L.J. 245, 367 n. 770 (1977). Judge Becker, however, successfully advocated the adoption of his views on the "aegis" and "housekeeping" restrictions on disclosures that he first framed in *Hawthorne*. *Hearings on Proposed Amendments*, supra, at 42. The new Rule 6(e) enacted by Congress contained a similar "housekeeping" criterion and a flat prohibition against further disclosure. Rule 6(e)(2)(B), Federal Rules of Criminal Procedure. This was apparently added as a compromise to "allay the concerns of those who fear that such prosecutorial power will lead to misuse of the grand jury to enforce non-criminal Federal laws." S.Rep.No.95–354, supra, at 8, [1977] U.S.Code Cong. & Ad.News at 531.

During the entire discussions on the proposals for amendments to Rule 6(e), it was never mentioned in the Congressional hearings, reports, on the floor of either house in Congress, or in judicial comment that disclosures to "assisting personnel" sought for inclusion in (2)(A) were already provided for on court order under (2)(C). Nor is there anything to indicate that this practice constituted a part of the "traditional practice of secrecy" codified in the older rule and expressly continued without change under (2)(C). This omission of reference or comparison leads this Court to believe that no such authority was felt by those bodies to exist.

The further difficulty of internal inconsistency within the rule is created if (2)(C) is interpreted as the government here proposes. So read, (2)(C) overlaps the other secrecy exceptions in the rule and provides for disclosures under different circumstances. For example, subsection (2)(B) requires that a list of "assisting personnel" to whom disclosures are made under (2)(A) be provided the court. That subsection also prohibits any further disclosures by those persons.

No similar restrictions are placed on disclosures under (2)(C). The government's argument therefore implies that a court might properly order such disclosure without these restrictions under the latter subsection. The importance of imposing these restrictions on subsection (2)(A) disclosures, which is illustrated by the Congressional treatment of the subject and is noted above, would thus seem misplaced if the government's contention were adopted.

Further, subsection (2)(C)(ii) provides that a defendant is entitled to seek disclosure "upon a showing that grounds may exist for a motion to dismiss the indictment." If subsection (2)(C)(i) authorizes disclosures "in connection with" the very grand jury whose materials are sought for disclosure, then a defendant might be entitled to seek disclosure thereunder on different grounds as well. As noted above, Chief Judge Daugherty implicitly resisted this overlapping of secrecy exceptions and foreclosed this interpretation in *In re Grand Jury 1974*, 377 F.Supp. 1282 (W.D.Okl.1974).

By creating this overlap, the government's contention raises another issue that the courts have yet ultimately to settle. The general rule of secrecy in Rule 6(e)(1) provides that "assisting personnel" to whom disclosure is made under subsection (2)(A) shall not disclose the matters occurring before the grand jury. No obligation of secrecy may be imposed on any person except in accordance with the rule. Rule 6(e)(1). There is, however, no express provision in the rule for imposing secrecy on a person to whom disclosure is made under subsection (2)(C). Although the Court did so order House in the instant case, its authority to do so is at least open to some question. Compare *Illinois v. Sarbaugh*, 552 F.2d 768, 775 n.10 (7th Cir. 1977) (Court may order secrecy in connection with (2)(C) disclosures), with *In re Grand Jury Proceedings*, 445 F.Supp. 349, 350 (D.R.I.1978) (court may not order secrecy). Cf., *Douglas Oil Co. v. Petrol Stops Northwest*, supra, 99 S.Ct. at 1675 ("if disclosure is ordered, the court

may include protective limitations on the use of the disclosed material").[6]

The government, however, is not without some recent authority for its position. In *United States v. Stanford*, 589 F.2d 285 (7th Cir. 1978), United States attorneys were presenting a complicated welfare fraud case before a grand jury. The government attorneys obtained a court order authorizing disclosure of grand jury materials to employees of the defrauded state welfare agency whose assistance was needed in the investigation. There, as here, the non-government "assisting personnel" were employees of the victim of the crime under investigation by the grand jury. The facts of *Stanford* unquestionably parallel those of the instant case.

Defendants in *Stanford* challenged the disclosure to non-governmental "assisting personnel" as beyond the scope of disclosure authorized by rule. Defendants apparently argued only that a grand jury investigation was not a "judicial proceeding" within the meaning of the old Rule 6(e) second sentence provision for disclosures on court order.

The Seventh Circuit held, 589 F.2d at 292: "Rule 6(e) permits disclosure orders not only 'in connection with' but also 'preliminarily to' a judicial proceeding. Although a grand jury proceeding may not itself be 'determinable by a court,' *Special February 1971 Grand Jury v. Conlisk*, 490 F.2d 894, 897 (7th Cir. 1973), quoting *Doe v. Rosenberry*, 255 F.2d 118, 120 (2d Cir. 1958), it is nevertheless preliminary to such proceedings. *See United States v. Universal Mfg. Co.*, 525 F.2d 808 (8th Cir. 1975); *In re Special February 1971 Grand Jury v. Conlisk, supra*. Furthermore, we cannot say that the decision to grant these assistants access to the grand jury materials was an abuse of discretion by the district court." *In re April 1956 Term Grand Jury* [239 F.2d 263 (7th Cir. 1956)].

Although dispositive of the sole argument apparently raised by defendants there, the authority relied upon by the Seventh Circuit does not address the issue here. The cases cited by the *Stanford* court only address the existence of discretion to order disclosure that is admittedly within the parameters of the rule. They do not establish the parameters of disclosure under the rule so broadly as to embrace the disclosure granted here. An examination of those cases is helpful.

The *Stanford* court first found disclosures to "assisting personnel" within the rule's provision for disclosures ordered "preliminarily to" a subsequent criminal trial. As noted above, courts had previously found grand jury proceedings themselves to be "judicial proceedings" within the ambit of the second sentence of the old Rule 6(e). *United States v. Malatesta*, 583 F.2d 748

---

**6.** The United States Supreme Court has recently promulgated an amendment to Rule 6(e) that would resolve this difficulty. The new Rule 6(e)(3)(C) incorporates *verbatim* the language of the present subsection (2)(C)(i) and (ii) found in footnote 2, supra, but adds the following language:

"If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, *and under such conditions* as the court may direct." (Emphasis added.)

Thus the new Rule 6(e) would expressly recognize that if the court ordered disclosure of grand jury proceedings under the 'judicial proceeding' exception, it could require secrecy as a condition for that disclosure. See *Reports and Proposals*, 25 Crim.L.Rep. (BNA) 2255, 2256 (June 13, 1979).

The new amendment was promulgated by the Court on April 30, 1979. See 25 Crim.L.Rep. (BNA) 3048 (May 2, 1979). It will take effect on August 1, 1979, unless Congress acts before then to delay its effective date. 18 U.S.C. § 3771. The amendment will govern "all criminal proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of April 30, 1979, U.S., 25 Crim.L.Rep. (BNA) 3048 (May 2, 1979). The amendment does not control the grand jury proceedings challenged in this case. Nor does it appear that the new amendment resolves the instant problem of permissible disclosures under 6(e)(2)(C), to be codified as 6(e)(3)(C) in the new proposal. The Advisory Committee has emphasized that the amendment would "in no way expand the circumstances in which disclosure of the grand jury proceedings is permitted or required." *Reports and Proposals*, 25 Crim. L.Rep. (BNA) 2255, 2256 (June 13, 1979).

(5th Cir. 1978); *In re Minkoff*, supra; *In re Grand Jury Investigation of Banana Industry*, supra. These previous holdings were therefore not dependent upon a finding that the grand jury investigation was ordered "preliminarily to" a subsequent proceeding, nor did they turn on a distinction between the "preliminarily to" and the "in connection with" language. The court's citation to *In re Special February 1971 Grand Jury v. Conlisk*, supra, illustrates the broader interpretation of "judicial proceedings" in conformity with the majority trend in case law noted above. None of those cases, however, involved disclosure in connection with the very grand jury whose materials were sought for disclosure.

The other authority relied upon by the *Stanford* court addresses a different proposition. The opinion in *United States v. Universal Mfg. Co.*, supra, ordered disclosure pursuant to the first sentence of the old Rule 6(e), and found F.B.I. investigative personnel among the "attorneys for the government" to whom disclosure might be made for assistance in connection with an ongoing grand jury investigation. The case only stands for the propriety of disclosure to assisting governmental personnel under a standard that was established by a long line of cases noted above and was codified in the new (2)(A) subsection. The case does not interpret the proper scope of disclosures authorized under the second sentence of the old Rule 6(e) that controlled the *Stanford* decision.

Similarly, the court in *In re April 1956 Term Grand Jury*, supra, authorized disclosures to I.R.S. agents assisting the government lawyers under the first sentence of the rule as "government attorneys." Having found disclosure proper to these agents under the "government attorney" exception, as read to include assisting personnel, the opinion cannot instruct whether disclosure might be proper to "assisting personnel" who are admittedly not included in that provision, like House here. The ultimate question of the basis for that authority within the rule remains.

As indicated by the opinion in *Stanford*, that authority is apparently based upon the idea that grand jury disclosures on court order lie totally within the discretion of the court before which the grand jury was empaneled. The government has relied on the inference raised by the language quoted from *Stanford*, supra, and by the decision in *In re Grand Jury Proceedings*, 580 F.2d 13 (1st Cir. 1978), which dismissed the government's appeal from Chief Judge Pettine's holding that Rule 6(e) precluded this type of disclosure. The court held that the order was not appealable. In its discussion of the availability of mandamus as a sufficient avenue for appellate review, the court stated, 580 F.2d at 18:

"Were a district court clearly to misinterpret the limitations of Rule 6(e) or plainly abuse its discretion thereunder either in ordering or denying disclosure (a showing that manifestly cannot be made in this case), mandamus is likely to lie. . . . [citations omitted]. In light of these alternatives, and *given the discretion invested in the district court by Rule 6(e)(2)(C)(i)*, we think it would not substantially add to the protection afforded the interests asserted by the Government were appeals as of right to be recognized from refusals by district courts to allow disclosure under that provision." (Emphasis added.)

The court further characterized the determination of the degree of particular need necessary to obtain a (2)(C) order as a "discretionary balancing process that turns on the facts of the particular case." *Id.*, at 17.

The cases on which the government might rely all deal with the standards, or the degree of need required, for disclosure admittedly within that contemplated by (2)(C) or its predecessor, the second sentence of the old Rule 6(e). The Supreme Court cases most frequently cited for the "discretionary" proposition deal with disclosures specifically codified in the rule. The Court in *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 233, 60 S.Ct. 811, 849, 84 L.Ed. 1129 (1940), focused on disclosure of grand jury testimony to a witness in a criminal trial to refresh his recollection. The grand jury proceedings had there been

concluded. Similarly, the Court in *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959), focused on disclosures during a criminal trial, as the Court in *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), discussed disclosures for use in a civil antitrust trial. See also, *Douglas Oil Co. v. Petrol Stops Northwest*, supra, 99 S.Ct. 1667, 1675. Cases reciting the proposition that disclosure is within the discretion of the trial court typically involve disclosures to a defendant who challenges his indictment, and the applicability of the rule's secrecy exception is unquestioned. See, *e. g., Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Hensley v. United States*, 406 F.2d 481 (10th Cir. 1968) (disclosure denied); *Cargill v. United States*, 381 F.2d 849 (10th Cir. 1967) (failure to disclose to defendant after grand jury discharged held abuse of discretion); *United States v. Youngblood*, 379 F.2d 365 (2d Cir. 1967) (disclosure denied); *In re Bonanno*, 344 F.2d 830 (2d Cir. 1965) (denial of disclosure to defendant while grand jury investigation in progress held proper); *United States v. Holovachka*, 314 F.2d 345 (7th Cir. 1962); *United States v. McGinnis*, 344 F.Supp. 89, 91 (S.D.Tex.1972); *United States v. Leichtfuss*, 331 F.Supp. 723 (N.D.Ill.1971) (denial of disclosure prior to trial held proper); *United States v. Geller*, 154 F.Supp. 727 (S.D.N.Y.1957); Note, *Grand Jury Secrecy*, 75 Colum.L.Rev. 162, 165, 169–70 (1975).

None of these cases support the contention that a court might exercise its discretion to authorize disclosure in the interest of justice in situations not embraced by the rules. *In re Biaggi*, 478 F.2d 489, 492 (2d Cir. 1973); see also *In re Grand Jury Proceedings*, 309 F.2d 440, 443–44 (3rd Cir. 1962); *In re Grand Jury Investigation, William H. Pflaumer & Sons, Inc.*, supra. Nor do any of these cases offer insight into the parameters of disclosure under (2)(C)(i). Further, the discretionary standard in these situations differs from that which must be applied to disclosures authorized prior to the completion of the grand jury's function. See *United States v. Socony-Vacuum Oil Co.*, supra, 310 U.S. at 233–34, 60 S.Ct. at 849; *Douglas Oil Co. v. Petrol Stops Northwest*, supra, 99 S.Ct. at 1675 (interests in grand jury secrecy reduced, but not eliminated after grand jury ends activities).

■ This Court is inclined to conclude that Rule 6(e) was not intended to grant authority for the disclosure the government here obtained. Rule 6(e)(2)(C) disclosure does indeed come within the discretion of the trial court, but only within the parameters of that rule. Accepting the government's position that any disclosure might be authorized thereunder, this Court would be casting aside the limiting language of that rule so recently reenacted by Congress.

■ The law in this area may be characterized as troublesome at the very best. Some courts have felt it sufficient to authorize disclosure if the policies underlying the need for secrecy are not violated, whether or not the rule expressly provides for it. See *In re Biaggi*, supra, at 493 (grand jury witness waives secrecy of his testimony when he seeks disclosure); *In re Report and Recommendation of June 5, 1972 Grand Jury*, 370 F.Supp. 1219, 1229 (D.D.C.1974); see also *United States v. Stanford*, supra, at 293. There is also frequent indication, as the government contends, that disclosures might be made when the need therefor outweighs the policy considerations for maintaining secrecy. See, *e. g., United States v. Proctor & Gamble Co.*, supra, 356 U.S. at 682, 78 S.Ct. at 986; *Douglas Oil Co. v. Petrol Stops Northwest*, supra, 99 S.Ct. at 1674–75. None of these cases, however, advocate disregard for the limiting language placed by Congress in the rule. With a prior order from my respected and learned colleague, Judge Richard Rogers, of this district, already entered in this same matter, however, and with some judicial authority to support it, this Court feels constrained to deny defendant's motion to dismiss the indictment. In sustaining Judge Rogers' prior ex parte order, Judge Rogers was not requested to consider the question here presented in a judicial framework of adversary contention as is squarely

raised here by defendant's astute counsel. As is often the case, Judge Rogers was presented an order for approval by the Strike Force attorneys with assurances it was a routine matter supported by their research and experience. Further, without the question being raised on an adversary basis, the entry of the order would appear to have been most reasonable and valid under the then existing circumstances.

This Court so acts not without great hesitation. The government's actions here apparently represent a new policy adopted by the Department of Justice to utilize non-governmental personnel in complicated cases. This Court is not unsympathetic to the potential need for that assistance in difficult cases. Nor is this Court unmindful of the potential difficulties that the constraints of Rule 6(e) may create in those cases. As the Seventh Circuit stated in *United States v. Stanford*, supra, 589 F.2d at 293:

> "[O]ur acceptance of [defendants' contentions] could substantially nullify, particularly in a case of any complexity, one of the basic purposes of this [grand jury] body, that of thorough, knowledgeable investigation of the matters before it. This group of lay persons should not be locked into a position which lacks full comprehension of the factual situations as to which they are inquiring."

This Court is left troubled that the Department of Justice, dissatisfied with the provision for "assisting personnel" granted it by Congress, now seeks to circumvent that limitation through application to the courts. The Advisory Committee drafted the new Rule 6(e) in order to provide for this very type of disclosure. It did so only after consideration of this problem in light of comments from the bench and bar and, not insignificantly, after apparent consultation with Department of Justice sources. Congress gave great thought to this matter and was informed of the positions of both the Advisory Committee and the Department of Justice. If Congress has so recently considered this very situation and has chosen not to provide for the requested disclosure, this Court should be most reluctant to do so. Legislating a new exception to the requirement of grand jury secrecy so recently following the Congressional treatment of the subject should require some degree of judicial trepidation. The House Committee's foreboding that the new rule might lead to further unclarity on the subject has perhaps become a reality.

This Court is further concerned with the obvious implications of this apparently new policy of the Department of Justice. Permitting the victim of a crime, or his agent, to participate in, coordinate and potentially direct a grand jury investigation into that crime raises serious problems. The policy could significantly impair the independence and impartiality required of the grand jury in the performance of its function. The late Chief Justice Warren described one aspect of that body's role as:

> "the invaluable function in our society of staying between the accusor and the accused, whether the latter be an individual, minority group, or other, to determine whether a charge is founded upon reason or is dictated by an intimidating power or by malice and personal ill will."

*Wood v. Georgia*, 370 U.S. 375, 390, 82 S.Ct. 1364, 1373, 8 L.Ed.2d 569 (1962). Compare *In re April 1977 Grand Jury Subpoenas*, 573 F.2d 936 (6th Cir.) (participation by I.R.S. attorney in grand jury produced appearance of impropriety), *vacated*, 584 F.2d 1366 (6th Cir. 1978) (en banc) (appeal dismissed for lack of appealable order). But see *In re Grand Jury Subpoenas, April 1978 Grand Jury*, 581 F.2d 1103, 1109 n.13 (4th Cir. 1978) (dictum). If non-governmental "assisting personnel" are indeed to be given access to grand jury materials under the rule, it would seem a better practice for the government to seek out persons without any potential interest in the outcome of the investigation. *This matter should be one for close consideration and scrutiny by the Court of Appeals for the future guidance of judges on this sensitive area of grand jury procedures.*

## 2. OTHER CONTENTIONS OF GRAND JURY ABUSE

■ Defendant's other complaints regarding grand jury abuse are not persuasive. The transfer of grand jury material from one grand jury to another in the same district without court order is insufficient to support a motion to dismiss the indictment in the instant case. *In camera* inspection of grand jury testimony submitted by the government convinces this Court that the government attorney competently acted in the performance of his duties. When the government attorney learned of certain information, it became incumbent upon him to remove the investigation to another grand jury. The government informed the judge before whom the grand jury was impaneled regarding what action would be taken and why.

Some courts have found an intra-district transfer of grand jury proceedings within the exception of Rule 6(e)(2)(A) as a disclosure in the performance of the attorney's duties. This disclosure would therefore be proper without court order. See *United States v. Garcia*, 420 F.2d 309 (2d Cir. 1970); *In re Grand Jury, Miscellaneous No. 979*, 47 U.S.L.W. 2303 (5th Cir. Nov. 14, 1978) (government use of grand jury matters for civil purposes held within his duties). The Court need not so hold, however. Even if a court order is required, a failure to obtain the order does not require dismissal of the indictment unless a defendant can demonstrate prejudice. *United States v. Malatesta*, 583 F.2d 748 (5th Cir. 1978). Prejudice has not been demonstrated here. Especially in light of the sensitive nature of the material before the government, the Court cannot conclude that the failure to obtain a court order on the given facts should warrant the requested relief.

■ This Court also fails to find great significance in the government attorney's interviewing subpoenaed witnesses and excusing them prior to their appearance before the grand jury. *United States v. International Paper Co.*, 457 F.Supp. 571, 574 (S.D.Tex.1978). There may be circumstances in which these interviews may be objectionable. See, *e. g., United States v. Phillips Petroleum Co.*, 435 F.Supp. 610 (N.D.Okl.1977). Those circumstances are not present here.

■ Defendant's argument that dismissal is warranted because of pre-indictment publicity is also unpersuasive. In this case disclosures were made to the press by someone within the Department of Justice that permitted a newspaper account of the indictment to appear prior to the grand jury's returning the indictment to court. This conduct is regrettable and must not be tolerated. After polling the grand jury, however, this Court is confident that the article in question was not read by any grand juror investigating this case. Defendant has failed to show any prejudice related to the news leak, and the requested relief is inappropriate. Defendant's other arguments are equally unpersuasive and his motion to dismiss the indictment must be denied.

## 3. MOTION TO SUPPRESS

■ Defendant has moved to suppress the case files seized from the law offices of a codefendant. This Court finds that defendant lacks standing to challenge the search. His motion to suppress must therefore be denied.

The files in this case were taken from the office of codefendant Arthur Katz pursuant to a search warrant obtained after Katz showed a few of the files to a United States Postal Inspector. Defendant had previously been a law partner of Katz, but Katz had bought out his share of the partnership when Tager surrendered his license to practice after a felony conviction. Katz retained all of the files and subsequently moved them to new offices. Defendant Tager had neither an ownership interest nor a possessory interest in the premises searched or in the seized office files of a partnership which no longer existed. Tager most certainly did not retain an expectation of privacy in an office where he had not practiced and to which he no longer had legal access. Under the recent decision of *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421,

58 L.Ed.2d 387 (1978), defendant lacks standing to raise objections to the search under these circumstances. His motion to suppress must therefore be denied.

IT IS THEREFORE ORDERED that the motions of defendant Tager to dismiss the indictment and to suppress evidence are hereby denied.