In the Matter of Applications for Orders Directing the Review or Release of Certain Grand Jury Testimony of Mario BIAGGI.

Nos. 954, 957, Dockets 73–1622, 73–1652.

United States Court of Appeals,
Second Circuit.

Argued May 2, 1973.

Decided May 4, 1973.

Arthur H. Christy, New York City (David P. Steinmann, Robert S. Appel, and Christy, Frey & Christy, New York City, of counsel), for Mario Biaggi, appellant.

Whitney North Seymour, Jr., U. S. Atty., for the S. D. N. Y. (Richard J. Davis, and Jeffrey Harris, Asst. U. S. Attys., of counsel), for the United States of America—appellee.

Milton Gould, New York City (Shea, Gould, Climenko & Kramer), New York City, for Abraham D. Beame, amicus curiae, seeking affirmance.

Burt Neuborne, New York City Atty., for New York Civil Liberties Union, amicus curiae, seeking reversal.

Before FRIENDLY, Chief Judge, HAYS, Circuit Judge, and JAMESON,* District Judge.

FRIENDLY, Chief Judge:

Mario Biaggi, a member of the House of Representatives, is a candidate in the Democratic primary for nomination for the mayoralty of New York City and is the Conservative Party candidate for that office. He appeals from an order of the District Court for the Southern District of New York directing the public disclosure of testimony given by him before a federal grand jury in that district on November 26, 1971, redacted so as not to reveal the names of other persons or businesses mentioned therein, as well as from the denial of certain motions of his which are described below.

The events leading to these proceedings begin with an article in the *New York Times* of April 18, 1973, by *Times* reporter Nicholas Gage. The article said that "authoritative sources" had revealed that Mr. Biaggi had "refused to answer at least 30 questions when he appeared before a Federal grand jury more than a year ago" and that he had "invoked the Fifth Amendment on questions related mostly to his finances";[1] that Mr. Biaggi "denied that he ever invoked the Fifth Amendment before any

---

* Of the District Court for the District of Montana, sitting by designation.

1. We inquired of the United States Attorney at argument what efforts had been made to investigate these leaks. He assured us that he had interviewed the Assistant United States Attorney who had questioned Mr. Biaggi before the grand jury, and also was satisfied of the security of the grand jury minutes. We direct that the investigation be further pursued.

Federal grand jury"; but that "the sources said he answered the questions relating specifically to immigration matters [2] but refused to answer more than 30 others, a number of which concerned his finances." The flame thus kindled proceeded to spread. In a television broadcast on April 25, Mr. Biaggi announced that on the following day he would move in the district court to have his grand jury testimony reviewed by a panel of three district judges "for the sole purpose of determining whether or not I took the Fifth Amendment privilege or any other privilege on my personal finances and assets." The brief of the United States asserts that in a later press interview on April 25 Mr. Biaggi denied, as reported in the April 18 article, that he had invoked the privilege with respect to any questions.

■ In conformity with the television announcement counsel for Mr. Biaggi moved, on April 26, for an order whereby a court of three district judges [3] would examine the grand jury minutes and make a public report whether, during his grand jury appearances on October 29 and November 26, 1971, he had claimed any constitutional privilege about his personal finances or assets. Without awaiting this motion, the United States Attorney moved earlier on April 26 for the disclosure of all of Mr. Biaggi's grand jury testimony on November 26, redacted so as to eliminate the names of other persons. The district court granted the latter motion on the afternoon of April 30, also denying Mr. Biaggi's motion, but stayed the release for 24 hours to permit an application by Mr. Biaggi to this court for a further stay pending appeal. On the morning of May 1 we extended the stay pending speedy determination of the appeal, which we ordered to be heard on May 2. On the afternoon of May 1, Mr. Biaggi made another motion to Judge

Palmieri. Claiming that release of the redacted testimony of November 26 would lead to endless speculation about the blankedout names, and would perhaps involve him in libel suits were he to reveal such names himself, he moved for full disclosure of the minutes of both his grand jury appearances. The United States Attorney expressed willingness to include as much of the October 29 testimony as was needed for full understanding of the testimony of November 26 but resisted disclosure of the names of third persons mentioned in the transcripts of either date. When Mr. Biaggi refused to accede to redaction, the judge denied the motion. Mr. Biaggi appeals from the order directing the release of his testimony of November 26 and from the denials of his motions. Since the former order is obviously appealable, we need not consider the status of the latter.

■ It is a tradition of our law that proceedings before a grand jury shall generally remain secret. The Supreme Court has referred to this as a long established policy "older than our Nation itself." Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399, 79 S. Ct. 1237, 3 L.Ed.2d 1323 (1959). The tradition rests on a number of interests —the interest of the government against disclosure of its investigation of crime which may forewarn the intended objects of its inquiry or inhibit future witnesses from speaking freely; the interest of a witness against the disclosure of testimony of others which he has had no opportunity to cross-examine or rebut, or of his own testimony on matters which may be irrelevant or where he may have been subjected to prosecutorial brow-beating without the protection of counsel; the similar interests of other persons who may have been unfavorably mentioned by grand jury witnesses or in questions of the prosecutor; protection of witnesses against reprisal; and the in-

---

2. Apparently the reference was to his introduction of private bills on behalf of immigrants.

3. In the course of argument before the district court counsel expressed a willingness to have the examination made by a single judge.

terests and protection of the grand jurors themselves.[4]

The secrecy of grand jury testimony, however, is not absolute. As would be expected, the subject has not been left at large but has been dealt with in the Federal Rules of Criminal Procedure.[5] Rule 6(e) provides for three, and only three, exceptions to the rule of secrecy. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror "may be made to the attorneys for the government for use in the performance of their duties." The court may grant the request of a defendant for access to grand jury minutes "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Finally, matters maybe disclosed "when so directed by the court preliminarily to or in connection with a judicial proceeding."

■■ Manifestly neither of the first two exceptions applies here. The permitted disclosure "to the attorneys for the government for use in performance of their duties" refers to their need for the minutes in the preparation of criminal or, sometimes, civil cases; it does not confer a license to broadcast a transcript of grand jury proceedings to the world, and the United States Attorney asserts no such license here. Since Mr. Biaggi has not been the subject of an indictment, there can be and was no request on his part to have access to the minutes for the purpose of dismissing one. The largest breach in the wall of secrecy has been wrought by the third exception. Balancing the interest of secrecy of the grand jury proceedings against the goal of a just result in a judicial proceeding, this exception rules in favor of the latter—subject, however, to the detailed control of the judge. That exception too is inapplicable here. We have not been told of any judicial proceeding preliminary to or in connection with which the minutes of Mr. Biaggi's grand jury testimony may be relevant;[6] obviously the permission to disclose for use in connection with "a judicial proceeding" does not encompass a proceeding instituted solely for the purpose of accomplishing disclosure. The references in federal cases to disclosure of grand jury testimony "in the interest of justice" cited by the Government, of which United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234, 60 S.Ct. 811, 84 L.Ed. 1129 (1940), is a sufficient example, are all in the context of use in judicial proceedings of some sort with the possible exception of In re Bullock, 103 F.Supp. 639, 643 (D.D.C.1952).[7] Even in that case disclosure was to be made only to the Commissioners of the District of Columbia, Inspector Bullock's employers, not to the public.

It follows that if Mr. Biaggi had made no application to the district court, the Government could not have procured

---

4. In Pittsburgh Plate Glass Co. v. United, States, *supra*, 360 U.S. at 405, 79 S.Ct. 1237 (dissenting opinion), Mr. Justice Brennan enumerated the objectives in different language but substantially to the same effect.

5. The Jencks Act, 18 U.S.C. § 3500, has recently been amended to include the statement of a grand jury witness called by the Government to testify in a criminal prosecution, but this is so plainly irrelevant that we shall not encumber the opinion with references to it.

6. It is worth noting that under Grunewald v. United States, 353 U.S. 391, 415–426, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957), even if Mr. Biaggi were to appear as a witness in a civil or criminal proceeding, he could not be asked whether he had claimed the constitutional privilege before the grand jury—although that decision rests on grounds other than the secrecy of grand jury minutes.

7. We likewise find no support for the disclosure in Doe v. Rosenberry, 255 F.2d 118 (2 Cir. 1958). That case went on the ground that disclosure of grand jury minutes to the Grievance Committee of the Bar of the City of New York for investigation whether disciplinary proceedings should be instituted before the Appellate Division of the New York Supreme Court was preliminary to a judicial proceeding.

disclosure of his grand jury testimony. No matter how much, or how legitimately, the public may want to know whether a candidate for high public office has invoked the privilege against self-incrimination before a grand jury, or has lied about having done so, that interest must generally yield to the larger one of preserving the salutary rule of law embodied in Rule 6(e) of Federal Rules of Criminal Procedure. But that is not this case.

 We need not determine whether Mr. Biaggi's application of April 26 for a limited review of the grand jury minutes by a judge or judges, which the district court was abundantly justified in denying, both for reasons that are apparent on the public record and for others that are not, would alone have empowered the court to order release of the testimony. For his application of May 1 assuredly did, and it now does not matter that the order of disclosure was based on the Government's motion rather than on Mr. Biaggi's. Insofar as the rule of secrecy "was designed for the protection of the witnesses who appear," In re Grand Jury Proceeding, 4 F.Supp. 283, 284–285 (E.D. Pa.1933), Mr. Biaggi waived this protection by seeking complete disclosure in the form of a motion requesting disclosure of his own testimony for its own sake and not merely as the lesser of evils should release of the redacted minutes be upheld. Insofar as the rule exists for the benefit of the Government, the United States Attorney has waived it in the clearest terms. The interests of grand jurors will not be affected; they asked no questions and their names could be redacted if they had. There remains only the interest of other persons named in the questions. Having sought disclosure, Mr. Biaggi could not condition his demand upon this being done only in a manner harmful to others.[8] Our reading of the grand jury minutes in redacted form indicates that there is little chance that the questions asked and answers given will provide a context for meaningful inference about the identities of the deleted names. Clearly there would be greater possibility of injury to such persons—and, very likely, to Mr. Biaggi as well—if their names were not deleted. In any event, once Mr. Biaggi's motion gave the district judge power to direct the disclosure that had been sought, it was for the judge to determine what reasonable conditions should be imposed.

We have been handicapped in saying more by the application of Mr. Biaggi's counsel, which we have thought proper to grant, that we stay our order for a short period to enable him to apply to the Supreme Court for a further stay of release of the testimony pending the filing of a petition for certiorari. In the event of denial of such an application and release of the minutes we may wish to supplement this opinion so that the grounds for and the limits of our decision may be even more clearly understood.

We affirm the order of the district court and direct that our mandate issue five days after the filing of this opinion unless within that period an application for a further stay shall be filed under Supreme Court Rule 50, in which event release of the testimony shall be stayed until a ruling thereon. During that interval counsel shall endeavor to agree on what portions of the October 29 testimony shall also be released. In the absence of agreement, all shall be, with all names and personal references redacted.

HAYS, Circuit Judge (dissenting):

Rule 6(e) of the Federal Rules of Criminal Procedure forbids disclosure of grand jury proceedings with certain carefully limited exceptions. My broth-

---

8. Subsequent to argument we were advised that counsel for Mr. Biaggi had agreed to deletions from the grand jury minutes of the names of law firms and the names of any alien witnesses who would be put in jeopardy by the release of the testimony. Although this is commendable, it is not sufficient. We think that, in addition to the redactions proposed by the United States Attorney, letters attached to the grand jury minutes should be omitted.

ers concede that the present situation does not present a case for the application of any of the exceptions specified in the Rule. They have, without the support of any authority in the statute or the case law, created another exception, applicable to the situation where a witness waives the secrecy requirement by seeking release of the grand jury minutes. I do not believe that we have power to legislate this additional exception and I therefore respectfully dissent.

## SUPPLEMENTAL OPINION

FRIENDLY, Chief Judge, with whom JAMESON, District Judge, joins:

Now that Representative Biaggi's grand jury testimony has been made public, we are relieved of the handicaps, noted in our initial opinion, at 493, which impeded full explanation of the grounds for and limits of our decision.

It is now apparent that Mr. Biaggi's request for a review of his grand jury testimony by one or more district judges "for the sole purpose of determining whether or not I took the Fifth Amendment privilege or any other privilege on my personal finances and assets" was framed, whether wittingly or not, in such a manner as to create a false impression in light of the publicity that had given rise to it. As can be seen from the grand jury testimony, the answer to the precise question propounded in all likelihood would have had to have been in the negative. Yet the *New York Times* article had reported that Mr. Biaggi had stated in an interview, and had assured the Conservative Party when it was considering him as its nominee for the mayoralty, that he had fully answered all questions before the grand jury. The minutes show that, in fact, he had refused to answer seventeen.

When Mr. Biaggi sought a full disclosure, although with the names of other persons named in the questions and answers unredacted, he waived his rights to have the minutes remain secret, and the public interest required that the request be granted with proper protection to the persons named.

 Our decision should therefore not be taken as demanding, or even authorizing, public disclosure of a witness' grand jury testimony in every case where he seeks this and the Government consents. It rests on the exercise of a sound discretion under the special circumstances of this case.

HAYS, Circuit Judge (dissenting):
I dissent.

The law forbids the publication of these Grand Jury minutes. In my opinion the rules of law are a more reliable guide to the administration of justice than the personal views of judges as to what "the public interest" may require.