445 A.2d 1260

### In re NOVEMBER, 1975 SPECIAL INVESTIGATING GRAND JURY.

### Appeal of James J. FITZGERALD, III.

Superior Court of Pennsylvania.

Submitted Dec. 7, 1981.

Filed May 21, 1982.

Thomas E. Butler, Jr., Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, for Commonwealth, participating party.

James D. Crawford, Philadelphia, for witness, participating party.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

The instant appeal arises from the denial of a Petition filed in the lower court for the release of the transcript of certain testimony given before a 1975 Special Investigating Grand Jury. The Petition was filed on October 18, 1979 by James J. Fitzgerald, III, a Republican candidate for the office of Philadelphia City Controller. The testimony sought was that given by Thomas A. Leonard, who was a Democratic candidate for the same office, at the time of the filing of the Petition.

The Petition was submitted to the Honorable Merna Marshal, who had been the Supervising Judge of the November, 1975 Special Investigating Grand Jury. The court issued a Rule, returnable on October 30, 1979, and the Petition and Rule were served upon Leonard, as well as upon the District

Attorney of Philadelphia and the United States Attorney for the Eastern District of Pennsylvania. On October 30, 1979, an attorney for Thomas A. Leonard appeared before the lower court for the sole purpose of moving to quash a subpoena for his client, which had been issued by the Petitioner. Leonard's attorney indicated that Leonard did not intend to participate in the proceeding before the lower court, other than to contest the issuance of the subpoena to him. The lower court took the matter of the quashing of the subpoena under advisement, and continued the hearing to November 2, 1979. The only person in attendance at the November 2, 1979 argument before the lower court was an attorney representing the Petitioner, who offered an extended argument in support of the Petition. Following argument, the lower court denied the Petition. The instant appeal was thereafter filed with this Court.

The Petitioner-Appellant has relied upon two principal grounds for his contention that his Petition for the release of Mr. Leonard's grand jury testimony should have been granted. First, he contends that he had a right to seek disclosure under the provisions of the Act of November 22, 1978, P.L. 1148, No. 271, § 8, formerly 19 P.S. § 272, reenacted in the Act of October 5, 1980, P.L. 693, No. 142, § 216(a)(2), 42 Pa.C.S.A. § 4549. As a subsidiary matter with respect to his first argument, it is urged by the Petitioner that the lower court improperly quashed the subpoena which the Petitioner had served upon Leonard. The second principal argument of the Appellant on this appeal is that considerations of public policy required the disclosure sought by the Petition. While no other party, including Leonard, has filed any brief or appeared before this Court to contest the instant appeal, we have no difficulty in rejecting all of the Appellant's contentions as they are obviously devoid of even arguable merit.

[1] We first address the argument that the Petitioner could seek disclosure under the provisions of the Act of November 22, 1978. In support of his Petition, the Appellant cites subsection (d) of that Act, which provided: "No *witness shall be prohibited from disclosing his* testimony

before the investigating grand jury except for cause shown in a hearing before the supervising judge. In no event may a witness be prevented from disclosing his testimony to his attorney." (emphasis added) While even the Petitioner recognized that the Statute made reference to the permissible disclosure by a *witness* of *his own* testimony it was the Petitioner's position that he should be permitted to *compel* the witness Leonard to appear at the hearing on the Petition to respond to questions as to whether or not he would exercise his lawful right to make disclosures as permitted by the Act. It is clear to us that such a procedure was never intended by our legislators in the passage of this Act. Subsection (d) of the Law, as quoted above, unmistakably conveys the legislative contemplation that one who had been a witness before an investigating grand jury could *voluntarily* disclose his or her testimony to others, contrary to the normal secrecy rules applicable to such testimony, which rules will be more fully discussed later in this Opinion. The Law, in *permitting* such *voluntary* disclosure by a witness, simply cannot be construed to support the actions of another person who institutes an action to *force* disclosure by *compelling* the witness to take the stand to declare in a public forum whether or not he or she will disclose his or her testimony before the grand jury. Any person who has so testified cannot, under existing law, be placed into the potentially humiliating circumstance where he or she will be *forced*, in open court, to make such an election regarding disclosure. In such circumstances, a refusal to agree to make a disclosure would obviously create widespread public suspicions and distrust of the witness, even if the refusal of disclosure was based upon entirely innocent or even laudatory grounds, such as the protection of innocent persons whose identities or activities were the subject of some grand jury inquiry.

Several other matters should be noted before we leave the first issue to examine the Appellant's public policy argument. The Petitioner filed its action seeking to have the lower court *release the transcript* of Thomas Leonard's testimony. We note that the Petitioner's reliance upon

Subsection (d) of the Act of November 22, 1978 is obviously misplaced, as that provision does not address itself to any release of transcribed notes of testimony before an investigative grand jury, but only a voluntary disclosure of such testimony by a participating witness. In other subsections, the Act directs attention to the stenographically recorded or transcribed record, and specifically addresses and mandates the secrecy thereof. It is particularly significant in the instant case that it be recognized that the Act does not provide for any witness to have access to or to disclose the actual record. Thus, even if Mr. Leonard *voluntarily* disclosed his testimony, even he would have no automatic statutory right to a release of the actual verbatim record. We also note that serious and obvious questions exist as to the retroactive application of the 1978 Act to grand jury testimony which was presumably given in 1975.[1] It is inappropriate that we address the issue of retroactivity here, however, where the Petition is unquestionably lacking in merit even if we were to assume the retroactive application of the Act. Finally, in view of our previously expressed conclusions as to the obvious legislative intent of the Act of November 22, 1978, it was quite proper for the lower court to refuse to compel Mr. Leonard to testify in response to the Petitioner's subpoena.[2]

The Petitioner's second principal claim was that public policy considerations required the release of the record of testimony by Mr. Leonard before the 1975 Special Investigating Grand Jury. He contended that Mr. Leonard had refused to confirm or deny reports that he had invoked a privilege against self-incrimination during testimony before the Grand Jury. It is urged that as a candidate for public office, Mr. Leonard must be required to disclose information

1. The exact date of Mr. Leonard's testimony was never established in the lower court.

2. The procedure followed by the Petitioner in seeking to have the lower court compel Mr. Leonard's compliance with the subpoena was also of questionable propriety. In view of our conclusions as to the correctness of the lower court's denial of Petitioner's efforts to compel such testimony, we perceive no useful purpose in addressing the issue of the procedure followed by the Petitioner.

concerning such testimony and that the record of it must likewise be made public.

■ We are compelled to differ with the Appellant concerning the prevailing public policy with regard to the disclosure of testimony before an investigating grand jury. The true public policy applicable to such testimony has been explicitly stated both by our courts in various decisions and by our elected representatives in an unambiguous statutory language. It is well established in numerous court decisions that proceedings before a grand jury are protected by a general rule of secrecy. See *Commonwealth v. Kilgallen*, 379 Pa. 315, 108 A.2d 780 (1954); *Commonwealth v. Kirk*, 340 Pa. 346, 17 A.2d 195 (1941); *Commonwealth v. Schwartz*, 178 Pa.Superior Ct. 434, 115 A.2d 826 (1955); and *Commonwealth v. Brownmiller*, 141 Pa.Superior Ct. 107, 14 A.2d 907 (1940).[3] The United States Supreme Court has recognized this policy, and described it as "... older than our Nation itself." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323, 1326 (1959). This traditional rule of secrecy has been adopted by our Legislature in the passage of the Act of November 22, 1978, the legislation upon which the Appellant places his reliance. That Act specifically states the limited exceptions to the general rule of secrecy which our legislators saw fit to establish. It was provided in Subsection (b)[4] that disclosures of matters coming before an investigating grand jury may be made to attorneys for the Commonwealth for use in the performance of their duties. Other than the permission granted to a witness in Subsection (d), which was noted earlier in this Opinion, no other disclosure is permitted, except with the prior approval of the supervising judge, and then only for limited purposes relating to law enforcement.

■ There is no known statement of public policy which supports the propositions advanced in this case by the Appel-

3. All of these cases recognize the general rule of secrecy and discuss some of the limited situations in which exceptions to the rule may exist. No such exceptional circumstance is apparent in the setting of the instant case.

4. See 42 Pa.C.S.A. § 4549(b).

lant. Also, the Appellant certainly has not presented us with any decisional law or statutory language to support the theory that a candidate for public office is entitled to less of the protection of applicable law than any other citizen. In particular, we find that the Appellant's substantial reliance upon the holding in the case of *In Re Biaggi*, 478 F.2d 489 (2nd Cir. 1973) to be misplaced. In short, while limited disclosure of a candidate's grand jury testimony was permitted in *Biaggi*, the applicant who initiated the request for such disclosure in that case was the candidate himself. Moreover, the United States Attorney also moved for disclosure in the case, albeit under procedures different from that sought by the candidate. Finally, the Second Circuit panel decided the case with consideration of a Rule of Federal Procedure regarding the disclosure of information concerning grand juries, which Rule is obviously inapplicable to the dispute presently before our Court. All of these differences compel the conclusion that the *Biaggi* decision provides no illustrative or binding precedent in the instant case. In summary, we find no merit in the Appellant's public policy arguments.

The order of the lower court is hereby affirmed.

SPAETH, J., did not participate in the consideration or decision of this case.