**In re Petition of Bruce CRAIG for Order Directing Release of Grand Jury Minutes.**

No. M–11–189.

United States District Court, S.D. New York.

Aug. 4, 1996.

Debra L. Raskin, J.P. Levy–Warren, Vladeck, Waldman, Elias & Engelhard, P.C., New York City and Lucinda A. Sikes, David Vladeck, Public Citizens Litigation Group, Washington, DC, for petitioner.

Jennifer L. Borum, Merlin Kwan–Gett, Assistant United States Attorneys, United States Attorney's Office, New York City, for Respondent.

### MEMORANDUM & ORDER

SCHEINDLIN, District Judge:

Petitioner Bruce Craig, a doctoral candidate at American University, seeks an order directing the release of grand jury records pertaining to a McCarthy-era espionage investigation. Petitioner is writing a dissertation on Harry Dexter White, a former Assistant Secretary of the Treasury who was accused of being a Communist spy. In 1948, White appeared before a special grand jury to answer these allegations. He was never indicted and died only a few months after testifying. Petitioner wishes to review the transcript of White's grand jury testimony. The government opposes his petition.

---

1. Other courts have rejected the notion that disclosure may be ordered in situations not contemplated by Rule 6(e). *See, e.g., In re Petition of Newman*, No. 87–5345 (D.C.Cir. Apr. 20, 1995)

Fed.R.Crim.P. 6(e) provides that grand jury proceedings must generally be kept secret. This rule of secrecy serves a number of important policies:

The rule protects the safety of witnesses who testify before the grand jury. It thereby also helps to ensure that witnesses will be willing to come forward and that they will be able to testify fully and frankly, without fear of retribution. The secrecy also prevents suspects who might otherwise learn of investigations from fleeing their jurisdictions and from attempting to influence grand jurors prior to indictment. Finally, nondisclosure protects the reputations of suspects who are ultimately exonerated by the grand jury.

*DiLeo v. Commissioner*, 959 F.2d 16, 19 (2d Cir.), *cert. denied*, 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992). Although Rule 6(e)(3) enumerates several exceptions to the rule of secrecy, Petitioner concedes that none of them applies here. Nonetheless, Petitioner contends that the Court should grant his request under its "inherent supervisory authority" over grand juries. Memorandum in Support of Petition at 9.

The Second Circuit has recognized that even where disclosure is not permitted under Rule 6(e), the court may order it under exceptional circumstances.[1] *See In re Biaggi*, 478 F.2d 489, 494 (2d Cir.1973). In *Biaggi*, a newspaper reported that Mario Biaggi, a candidate for Mayor of New York City, had repeatedly invoked his privilege against self-incrimination when testifying before a grand jury. Biaggi denied that he had done so, and both he and the government requested disclosure of the transcript of his testimony. The Court noted that the request would not be permitted under Rule 6(e), and that the public's interest in the case was not enough to warrant disclosure:

No matter how much, or how legitimately, the public may want to know whether a candidate for high public office has invoked the privilege against self-incrimination before a grand jury, or has lied about having

(rejecting petition to disclose McCarthy-era grand jury minutes because it fell outside the scope of exceptions enumerated in Rule 6(e)).

done so, that interest must generally yield to the larger one of preserving the salutary rule of law embodied in Rule 6(e) of the Federal Rules of Criminal Procedure.

478 F.2d at 492–93.

However, the court ultimately granted the request for disclosure because of the exceptional circumstances presented by the case. The court emphasized that information about the grand jury proceedings had been leaked to the press, and that both the government and Biaggi, the only parties with an interest in keeping the testimony secret, had requested disclosure. Given this highly unusual situation, the court granted disclosure as an exercise of "sound discretion under the special circumstances of this case." *Id.*

Other courts have disclosed grand jury materials in situations not contemplated by Rule 6(e). However, like the Second Circuit, they have done so only in truly exceptional circumstances. In *In re Petition to Inspect & Copy Grand Jury Materials,* 735 F.2d 1261 (11th Cir.), *cert. denied,* 469 U.S. 884, 105 S.Ct. 254, 83 L.Ed.2d 191 (1984), the Eleventh Circuit permitted disclosure only because the materials were sought by an investigative committee acting pursuant to express statutory authority. The court explicitly noted that "courts must adhere to Rule 6(e) in 'garden variety' petitions for grand jury disclosure. The rule was intended to provide a reliable statement of the law in this area, and would be rendered meaningless if departures were freely sanctioned." 735 F.2d at 1269. In *In re Petition of May,* No. M 11–189 (S.D.N.Y. Jan. 20, 1987), the court granted a scholar's request to disclose the grand jury testimony of a public official accused of being a Communist spy. However, it did so only because the conduct of the grand jury had been the subject of litigation, and there had already "been extensive prior disclosure of the grand jury proceedings."[2] *See* Slip.Op. at 3.

Unlike those cases in which courts have ordered disclosure that does not fall under the Rule 6(e) exceptions, there is nothing presented in this petition warranting such extraordinary relief. Petitioner simply asserts that the public interest in the case justifies disclosure. However, the Second Circuit has already indicated that this reason alone will not support disclosure outside the strict boundaries of Rule 6(e). *See Biaggi,* 478 F.2d at 492–93. Indeed, if courts granted disclosure whenever the public had an interest in grand jury proceedings, Rule 6(e) would be eviscerated. Because there are no special circumstances presented here, and the "public interest" exception urged by Petitioner would swallow the general rule of secrecy, the petition is denied.

SO ORDERED:

---

**2.** Petitioner relies in part on *In re Petition of O'Brien,* Gen. Docket No. 2–90–X–35 (M.D.Tenn. May 16, 1990), another case in which the court granted an historian access to grand jury materials. Because the court in that case did not issue a written opinion, the reasons for its decision are unknown. Nonetheless, *O'Brien* is distinguishable from the present case in at least one crucial respect. There, unlike here, the government did not oppose the petition for disclosure. *See* Ex. 7 to Memorandum in Support of Petition.