**In re Petition of AMERICAN HISTORICAL ASSOCIATION, American Society of Legal History, Organization of American Historians and Society of American Archivists for Order Directing Release of Grand Jury Minutes**

**No. M–11–188 (PKL).**

United States District Court, S.D. New York.

July 15, 1999.

---

Debra L. Raskin, Vladeck, Waldman, Elias & Engelhard, P.C., New York City, David C. Vladeck, Public Citizen Lit. Group, Washington, DC, Lucinda A. Sikes, Sunnyvale, CA, Jonathan A. Willens, Assist. U.S. Atty., New York City.

## MEMORANDUM ORDER

LEISURE, District Judge.

In this case, petitioners seek public disclosure of transcripts of two special grand juries, convened from 1947 to 1950, insofar as they pertain to the investigation of Alger Hiss, an alleged Soviet spy. By Opinion & Order dated May 13, 1999 (the "May 13 Opinion" or "Opinion"), the Court granted the petition in part and ordered the Government to release portions of the transcripts. *See In re Petition of American Historical Assoc.*, 49 F.Supp.2d 274 (S.D.N.Y.1999).

This Memorandum Order addresses two issues remaining to be decided in this matter. The first regards the relevance of alleged privacy concerns to whether certain transcript pages should be disclosed, a subject as to which the Court, in the May 13 Opinion, reserved decision pending further briefing by the Government. *See id.* at 292–93. For the reasons stated below, the Court finds that those materials as to which the Government has now more fully articulated its privacy objections should remain secret, and those as to which the Government has withdrawn its privacy objections should be released.

The second issue is whether additional transcripts of the special grand jury proceedings discovered on May 20, 1999, after the Opinion issued, should be disclosed. For the reasons that follow, the Court finds that release of those transcripts is appropriate.

## DISCUSSION

### I. Privacy Issues

One of the Government's original objections to the petition was that disclosure of

some of the transcripts would undermine the privacy interests of certain grand jury witnesses and other individuals identified during the grand jury investigation. *See In re Petition of American Historical Assoc.*, 49 F.Supp.2d at 293 & n. 9; Government's *ex parte* submission, dated March 15, 1999. To support its position that those persons continue to have a privacy interest fifty years after the grand jury proceedings occurred, the Government represented, based on its review of a few public sources, that the individuals had not been identified publicly in connection with the subjects of the pertinent grand jury testimony.

The Court found in the Opinion that the testimony identified by the Government relates to the investigation of Hiss. *See In re Petition of American Historical Assoc.*, 49 F.Supp.2d at 293–94. Regarding the further issue of whether that testimony should be released in view of the alleged privacy issues and other relevant considerations, however, the Court determined that more comprehensive *ex parte* briefing by the Government was necessary. *See id.*

The Government has accommodated the Court's request for supplementary briefing. *See* Government's *ex parte* submission, dated June 23, 1999. In preparing its submission, the Government, working with the assistance of the Federal Bureau of Investigation, undertook to determine whether the individuals for whom it asserts a privacy interest are alive and, if so, whether they object to public disclosure of the relevant testimony. In addition, the Government has reviewed a broad array of published historical works in order to ascertain more definitively whether the individuals have been publicly identified in connection with the subjects of the relevant testimony.

As further discussed below, the Government's inquiries have led it to withdraw almost all privacy-based objections to disclosure. In light of that development, the Court's analysis of the testimony as to which it had deferred decision proceeds in two parts, first addressing those transcript pages as to which no privacy objection is now asserted, and, second, assessing the materials as to which the Government contends privacy considerations continue to be relevant.

### A. Materials As To Which The Government Has Withdrawn Its Privacy Objections

■ The Government has withdrawn its privacy objections regarding most of the materials at issue. That determination is based on the Government's discovery, upon further investigation, that the relevant individuals either are deceased, have consented to public disclosure, or have been publicly identified in connection with the subjects of the relevant grand jury testimony. *See id.* at 1–3.

The Court agrees with the Government's conclusion that no material privacy concerns exist regarding the testimony relating to those individuals. *See In re Petition of Craig*, 131 F.3d 99, 107 (2d Cir. 1997) (death of individuals or public disclosure of substance of relevant testimony "undercuts many of the reasons for secrecy"); *In re Biaggi*, 478 F.2d 489, 493 (2d Cir.1973) (consent to disclosure waives individual's interests in preserving secrecy). The only remaining issue is, therefore, whether disclosure of that testimony is warranted in view of the non-privacy considerations articulated by the Court in the May 13 Opinion. The Court finds that disclosure is appropriate. The testimony relates to the investigation of Hiss and is historically valuable in that it illuminates the issues of the validity of the allegations against Hiss and the Soviet espionage in which he allegedly participated. *See In re American Historical Assoc.*, 49 F.Supp.2d at 295–97. At the same time, the testimony implicates no non-privacy secrecy concerns other than those already found in the Opinion to be of minimal importance. *See id.* at 291–94. The Court, therefore, orders the testimony to be released.

B. *Materials As To Which The Government Continues To Assert Privacy Objections*

The Government maintains its privacy objections regarding the testimony of only two grand jury witnesses. As to the first witness ("Witness 1"), the Government seeks to safeguard the alleged privacy interests of the witness him or herself. Regarding the second witness ("Witness 2"), by contrast, the Government asserts a privacy interest on behalf of individuals mentioned during the witness's testimony, and proposes to redact the portions of the transcript pages relating to those individuals.[1] For the reasons that follow, the Court finds that the relevant material should remain sealed.

■ A cornerstone of the grand jury secrecy rule is the protection of the reputations and well-being of individuals who are subjects of grand jury proceedings, but who are never indicted. *See United States v. Sells Engineering, Inc.,* 463 U.S. 418, 424, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983); *Illinois v. Abbott & Assocs., Inc.,* 460 U.S. 557, 566 n. 11, 103 S.Ct. 1356, 75 L.Ed.2d 281 (1983); *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 219, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 681–82 n. 6, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); *see also Craig,* 131 F.3d at 106; *United States v. Haller,* 837 F.2d 84, 88 (2d Cir.1988). There may be many such individuals in any given grand jury investigation. Individuals may be mentioned as a complete irrelevancy or may be called or identified simply to provide background and context to the investigation at hand. Moreover, some individuals, though not themselves suspected of wrongdoing, may be discussed or questioned because they may have knowledge of others' possible illegalities. And, of course, even when an individual is suspected of wrongdoing, no true bill may issue against him or her for a variety of reasons. Whatever the circumstances, the rule of secrecy seeks to protect such unindicted individuals from the anxiety, embarrassment and public castigation that may result from disclosure. *See Abbott & Assocs., Inc.,* 460 U.S. at 566 n. 11, 103 S.Ct. 1356; *Douglas Oil Co.,* 441 U.S. at 219, 99 S.Ct. 1667.

■ In the instant case, each relevant individual was accused during the special grand jury proceedings of having engaged in illegal activities. The Government's review of a wide range of published materials has not, however, revealed any mention of the individuals in connection with those allegations. In addition, those individuals have not been confirmed to be deceased and are not known to have consented to release of the relevant testimony. Based on these considerations and review of the testimony of both relevant grand jury witnesses, the Court finds that the individuals identified by the Government possess legitimate privacy interests in maintaining the secrecy of the testimony. The Court further finds that the individuals' privacy interests, while mitigated to some extent by the passage of time, outweigh petitioners' interests in disclosure of that testimony. Accordingly, the testimony of Witness 1 shall remain secret in its entirety, and the testimony of Witness 2 shall be redacted to preserve the privacy interests of the relevant individuals mentioned therein. *See Biaggi,* 478 F.2d at 493 (acknowledging redaction as an appropriate method of protecting privacy interests).

The Court now turns its attention to the newly-discovered transcripts.

## II. Newly–Discovered Transcripts

■ The National Archives and Records Administration ("NARA") maintains custody of the transcripts of the two special grand jury proceedings. As noted in the

---

1. The testimony of Witness 1 is located at transcript pages 7129–7147 and 7210–7240. The relevant testimony of Witness 2 is located at pages 2434, 2446 and 2470–71. The Government has provided the Court with transcripts of the complete testimony of each witness.

May 13 Opinion, a search of NARA's archives for transcripts of the proceedings located seven numbered volumes of transcripts (numbered 6, 8, 9, 10, 11, 12, and 14) and one unnumbered transcript. *See In re American Historical Assoc.,* 49 F.Supp.2d at 281–82. The search did not, however, uncover several known transcripts of other portions of those proceedings. *See id.*

On May 20, 1999, NARA discovered some of the missing transcripts, which document at least part of the special grand jury proceedings occurring from July 22 to July 31, 1947, and from February 21 to December 28, 1950.[2] By Stipulation & Order dated June 16, 1999, the parties have agreed that the recently-discovered transcripts of the proceedings in 1950 are beyond the scope of the petition. Thus, only the transcripts of the 1947 proceedings are presently before the Court for consideration of whether disclosure is warranted. As to those transcripts, the Government has submitted an *ex parte* summary of testimony to aid the Court's assessment.

The Court finds that the recently-located transcripts of the 1947 special grand jury proceedings are relevant to the investigation of Hiss and are material to the historical issues of the validity of the allegations against him and the Soviet espionage of which he allegedly was a part. Moreover, as is the case regarding the other materials ordered disclosed, the interest in maintaining the secrecy of these materials is minimal. Accordingly, the Court orders the relevant transcripts to be disclosed.

Parenthetically in this regard, the Court finds it appropriate to correct the Government's misperception, apparent in its most recent *ex parte* briefing, that the Court has granted the petition to the extent it seeks *any* material relating to Soviet espionage activity in the United States. *See* Government's *ex parte* submission, dated

June 23, 1999, at 5. The scope of disclosure is not nearly so broad. Disclosure has been ordered only where the Court, upon review of the parties' submissions and the published historical sources identified in the Opinion, has found the grand jury materials to be both (i) relevant to the investigation of Hiss, and (ii) of a historical value that, viewed in context with the other considerations applicable under controlling law, justifies disclosure. Thus, for example, any materials not relevant to the Hiss investigation, but historically valuable, or relevant to that investigation, but with no significant historical worth, have not been ordered disclosed.

### CONCLUSION

For the reasons stated above and in the May 13 Opinion, the Government is hereby ORDERED to release the following transcript pages of the special grand jury proceedings: 849–887, 967–1001, 2425–2433, 2435–2445, 2447–2469, 2472–3006, 3305–3453, 3455–6117, 6127–6435, 7023–7128, 7148–7209, and 7241–7429. This constitutes the final judgment of the Court in this matter.

**SO ORDERED.**

---

**2.** The 1950 transcripts are paginated and are contained in volumes numbered 15, 16, 17, 18, and 19. The 1947 transcripts, while paginated, do not appear to be organized in numbered volumes.