In re: **GRAND JURY PROCEEDINGS**
(Attorney Richard **ROE**)

No. M 11–189.

United States District Court,
S.D. New York.

July 16, 2001.

Mary Jo White, United States Attorney by Cathy Seibel, Assistant U.S. Attorney, Southern District of New York, White Plains, NY.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

Before this Court for decision is an *ex parte* application made by the United States Attorney for the Southern District of New York for leave to disclose Grand Jury matters pursuant to Rule 6(e)(3)(C) F.R.Crim.P.

That rule reads in relevant part as follows:

**(e) Recording and Disclosure of Proceedings.**

\* \* \* \* \* \*

**(2) General Rule of Secrecy.** A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

**(3) Exceptions.**

**(C)** Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

\* \* \* \* \* \*

(iv) when permitted by a court at the request of an attorney for the government, upon a showing that such matters may disclose a violation of state criminal law, to an appropriate official of a state or subdivision of a state for the purpose of enforcing such law.

■ This application is addressed to the discretion of the Court. Our analysis be-

gins with the seminal Supreme Court case of *Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. 211, 222, 223, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). In that case a private party sought grand jury transcripts of a fully concluded criminal anti-trust investigation in aid of pretrial discovery in its pending civil case against corporations which had pleaded *nolo contendere* after their employees had testified to the grand jury.

■ Reversing on grounds unrelated to the proper exercise of discretion in balancing the need for secrecy with the particularized need for disclosure, the Supreme Court restated in *Douglas Oil,* the standard to be applied:

> parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. (footnote omitted) Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations ..... for in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the

interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities. (footnote omitted)

\* \* \* \* \* \*

[T]he court's duty in a case of this kind is to weigh carefully the competing interests in light of the relevant circumstances and the standards announced by this Court. And if disclosure is ordered, the court may include protective limitations on the use of the disclosed material, as did the District court in this case. Moreover, we emphasize that a court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion.

Our Court of Appeals has consistently supported the policy of grand jury secrecy. *See, e.g. In re Grand Jury Subpoena,* 72 F.3d 271 (2d Cir.1995)(denying to a repeat grand jury witness a transcript of his prior grand jury testimony given three and a half years earlier on the same subject—no showing of particularized need); *In re Grand Jury Subpoena,* 103 F.3d 234, 242 (2d Cir.1996) (affirming exclusion of press on policy grounds, from hearing held at request of a grand jury witness, reviewing prior case law); *In re Petition of Bruce Craig,* 131 F.3d 99 (2d Cir.1997)(affirming denial of grand jury testimony from 1948 of Russian spy, since deceased, sought by doctoral candidate to write dissertation—no exceptional circumstances. Case below reported at 942 F.Supp. 881 (S.D.N.Y. 1996)).

An unusual exception to this long line of cases is found *In re Biaggi,* 478 F.2d 489 (2d Cir.1973). That case should be confined to its specialized facts. Congressman Biaggi, then a candidate in the Democratic Primary for the office of Mayor of the City of New York, appealed from an order of the district court granting a mo-

tion by the United States Attorney and directing the public disclosure of Biaggi's grand jury testimony, with redacted names. Mr. Biaggi had stated publicly that he had testified in the grand jury and denied that he had refused to answer any questions on the ground of possible self incrimination. Leaks from unknown sources were published to the effect that he had. In fact he had refused to answer seventeen questions. The case depends on waiver by Mr. Biaggi, in having himself publicly asked the Court to designate one or more district judges to review his testimony "for the sole purpose of determining whether I took the ... privilege on my personal finances and assets," a request which the court took as having been "framed, whether wittingly or not, in such a manner as to create a false impression." (*id* at 494). The court held:

> Our decision should therefore not be taken as demanding, or even authorizing, public disclosure of a witness' grand jury testimony in every case where he seeks this and the Government consents. It rests on the exercise of a sound discretion under the special circumstances of this case. (478 F.2d at 494, quoted with approval in *Craig, supra* )

Of passing interest is the dissent of Circuit Judge Hays:

> I dissent.
>
> The law forbids the publication of these Gand Jury minutes. In my opinion the rules of law are a more reliable guide to the administration of justice than the personal views of judges as to what "the public interest" may require.

### *Background*

The facts underlying this particular application are as follows. On October 20, 1998, attorney Richard Roe [1] testified be-fore a federal grand jury in this district in connection with a significant investigation involving political corruption. Attorney Roe was not a target of the investigation and testified without immunity. He was unduly economical with the truth, and imparted to the grand jurors what may charitably be described as a cock and bull story concerning the activities of others which he claimed to have observed and remembered. The implausibility of the testimony was readily apparent at the time and inconsistent with information already in possession of the Government from other sources.

Thereafter on June 4, 1999, in an interview with agents of the Federal Bureau of Investigation, Roe admitted that he had testified falsely and had done so at the request of the principal target of the investigation.

On February 15, 2000, a criminal complaint charging violation of 18 U.S.C. § 371 was filed with a United States Magistrate Judge in this district. Attorney Roe was charged in that complaint with Conspiracy to obstruct Justice by testifying falsely to the grand jury on October 20, 1998. On the very same day that the criminal complaint was filed, attorney Roe appeared voluntarily before the Magistrate Judge without having been arrested, and entered into a Deferred Prosecution in the typical form used in this district. The Deferred Prosecution Agreement contemplated that the United States Attorneys Office "will disclose to the ethics committees of the state bars to which you are admitted the facts underlying the charge in the complaint." The agreement also required the Defendant to perform twenty hours of community service as directed by the U.S. Pretrial Services Officer, cooperate and disclose all information which was required

---

1. Obviously a pseudonym.

of him and refrain from committing any further crimes. The Defendant complied with the terms of the Agreement and the Criminal Complaint was dismissed with prejudice on February 21, 2001.

■ The Government is making this application at this late date solely because Staff Counsel to the New York State Grievance Committee for the 9th Judicial District has requested the grand jury transcript so that it may be offered in evidence. It is of some concern to the Court that if Staff Counsel made the application herself, which she could· do under Rule 6(e)(3)(D), the application would have to be made on notice. It is only when the Government itself is the petitioner under Rule 6 that the "hearing is *ex parte*." (*See* Rule 6(e)(3)(D)). At present the Government has no further interest in the matter, other than the general interest, which this Court shares, that lawyers who are bad should be disciplined.[2] Under those circumstances where Staff Counsel is the real party in interest, she should be the Petitioner, in which case the Petition would be required to be made on notice, as contemplated by Rule 6(e)(3)(D).[3]

■ Based on the present submission, this Court fails to see any significant necessity for Staff Counsel to have the grand jury minutes at this time. The Criminal Complaint is a public record which may be considered by Grievance Committee, as is the Deferred Prosecution Agreement signed by the Defendant with advice of counsel. Petitioner has demonstrated no particularized need. Public policy reflected in the decided cases opposes simply handing out grand jury transcripts to anybody who wants them and who can elicit the *ex parte* application of the United States Attorney. Grand Jury secrecy must be balanced against the particularized need of the recipient to have the transcript. That need is not clearly established on the present submission . before this Court.[4]

The Petition is denied for the foregoing reasons, without prejudice to the right of the real party in interest to apply upon notice and a showing of a particularized need which is actual rather than merely theoretical. The United States Attorney is respectfully requested to forward a copy of this decision by first class mail to Staff Counsel for the Grievance Committee with a transmittal letter identifying the witness, and also to the grand jury witness whose testimony is sought, and to submit an affidavit of such service for filing under seal.

SO ORDERED.

---

**2.** Although a prominent practitioner in his community, Mr. Roe is not admitted to practice in this Court.

**3.** The case of *Doe v. Rosenberry*, 152 F.Supp. 403, 406 (S.D.N.Y.1958) aff'd. 255 F.2d 118 (2d Cir.1958, L.Hand, C.J.) provides express authority for the release of grand jury testimony to a bar grievance committee, holding that such release is preliminary to a judicial proceeding within the meaning of Rule 6(e). In that case, the application to the district court for release of the minutes was made by the attorney for the Grievance Committee, although supported by the United States Attorney. See 152 F.Supp. at 405. The Rule as it then read contained no requirement for notice, Rule 6(e)(3)(D) not having been added until 1983.

**4.** Were the Appellate Division of the New York State Supreme Court itself, or the Presiding Justice thereof, to apply to this Court directly or through a specifically authorized designee, our conclusion after notice and hearing might well be different.